(37 Misc. Rep. 754.)

## PEOPLE v. O'CONNOR.

(Court of General Sessions, New York County. April, 1902.)

CRIMINAL LAW—NEW TRIAL—CUMULATIVE EVIDENCE.
Under Code Cr. Proc. § 465, subd. 7, authorizing new trials for newly discovered evidence if it has been discovered since the trial, and is not cumulative, a new trial will be denied where the evidence is of the same nature as that previously produced to establish the same fact.

William O'Connor was convicted of crime, and moves for a new trial. Motion denied.

William Travers Jerome, Dist. Atty., for the People.
Weeks & Battle, for defendant.

COWING, J. This is a motion for a new trial, made after judgment, based upon alleged errors and irregularities which occurred upon the trial, and also upon the ground of newly discovered evidence. It is expressly provided by section 466 of the Code of Criminal Procedure that an application for a new trial must be made before judgment in all cases except where the ground of the motion is newly discovered evidence, which may be made at any time within one year, and except, also, in case of a sentence of death, which may be made at any time before execution. It will be observed that this section is mandatory, and precludes me from considering any of the grounds upon which this motion is predicated, except that of newly discovered evidence. This court has no inherent power to grant a new trial, but such power as it has is statutory, and is found in the Code of Criminal Procedure. Section 463 gives this court the power to grant a new trial, section 465 provides upon what grounds a new trial may be granted, and section 466 provides within what time the

application must be made. Subdivision 7 of section 465 expressly provides that a new trial may be granted where it is made to appear by affidavit that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict, if such evidence has been discovered since the trial, is not cumulative, and the failure to produce it on the trial was not owing to want of diligence. It will be observed that this section of the Code of Criminal Procedure expressly provides that to justify the granting of a new trial upon the ground of newly discovered evidence it must not be cumulative, and this requires the court to determine what is cumulative evidence within the meaning of the statute, and whether the evidence in question is of that character. It was held in People v. Leighton, 1 N. Y. Cr. R. 469, "that evidence is cumulative when it is of the same nature as that previously produced to establish the same fact or facts." Within this definition the newly discovered evidence upon which this motion is based is simply and purely cumulative evidence, and would not probably have changed the verdict if it had been introduced upon the trial. I am aware that in civil cases it is now the settled rule that newly discovered evidence which is cumulative does not necessarily afford ground for denying the motion for a new trial; but it seems to me a different rule prevails in criminal cases where there is an express statute upon the subject. In October, 1901, the defendant was tried before me and a jury, and I am satisfied that he had a fair and impartial trial, and that the evidence fully justified the verdict of the jury. The defendant was ably defended by Mr. Weeks, his counsel, and all the safeguards provided by the law to protect the innocent were made available to the defendant. While the evidence, in quantity, was rather in favor of the defendant, in my opinion, in quality it was greatly in favor of the people; and, considering the appearance of the defendant and his witnesses upon the witness stand, and their manner of testifying, I should have been greatly surprised if the jury had come to any other conclusion than the one they did. Undoubtedly every person charged with the commission of a crime is entitled to have his day in court; but, after he has had his day, and has had a fair and impartial trial before a jury of his peers, and has been convicted by them upon legal evidence justifying the conviction, he should not be granted a new trial. As I believe that none of the substantial rights of the defendant were violated upon his trial, and that the newly discovered evidence is simply cumulative, the motion of the defendant for a new trial is denied.

Motion denied.