THE STATE OF IOWA, Appellee, v. E. A. BLAIN, Appellant.

Larceny: EVIDENCE CORROBORATING ACCOMPLICE. Evidence considered and held sufficient to corroborate an accomplice and support a verdict of guilty on a prosecution for larceny.

Evidence of Value: VERDICT SUPPORTED. Evidence of the value of the property stolen held to support the verdict.

Evidence: CUMULATIVE: NEW TRIAL. Newly discovered evidence, which is merely cumulative, will not support a motion for a new trial.

*Appeal from Polk District Court.*—Hon. S. F. PROUTY, Judge.

WEDNESDAY, DECEMBER 17, 1902.

THE defendant, having been jointly indicted with several other persons for the alleged larceny of a saddle, was separately tried and convicted. A motion in arrest of judgment and for a new trial was denied, and from the judgment entered upon the verdict of the jury he appeals. —*Affirmed.*

*H. W. Laton* and *Wambach & Jordan* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

WEAVER, J.—It is first urged that the evidence is insufficient to sustain a verdict of guilty, and especially that the testimony of Pearl Murray, a codefendant and accomplice, is without corroboration. This contention is not well founded. In addition to the direct and unqualified statements of the accomplice, pointing out the defendant as one of the guilty parties, it is shown by other witnesses that he was in the immediate vicinity of the place where the property was stolen, at or about the time when the theft was committed; that he was then in the company of his codefendants, among whom was one Miller, in whose possession the saddle was afterwards found; and that just before the commission of the alleged offense he was heard to say that he "had the saddle spotted." These things we think afford ample corroboration to justify the court in submitting the question of defendant's guilt to the jury; and it cannot be said that the verdict is without sufficient support.

II. It is further objected that the verdict of the jury in assessing the value of the stolen property at $25 is.

*1. EVIDENCE corroborating accomplice.*

against the weight of the evidence. Several witnesses pro-

2. EVIDENCE of value: verdict supported. duced by the state estimated the value at from $25 to $45, while the witnesses on part of the defendant placed the figure at from $10 to $18. It needs no more than this statement to show that the verdict of the jury was by no means extravagant or excessive, and is amply sustained by the record.

III. In support of the motion for new trial, appellant's counsel filed an affidavit alleging that since the ver-

3. SAME: new trial. dict of the jury he had discovered additional witnesses who would place the value of the saddle below $20. This testimony, if produced, would have been merely cumulative upon a point to which appellant examined several witnesses, and the affidavit was insuffi-, cient to justify the district court in awarding a new trial.

IV. Finally, it is objected that the punishment imposed is excessive. It is within the limit prescribed by the statute, and we find nothing in the record which calls for our interference with the discretion of the district court. The judgment appealed from is AFFIRMED.