(110 App. Div. 26)

### PEOPLE v. O'BRIEN et al.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

1. CRIMINAL LAW—NEW TRIAL—CUMULATIVE EVIDENCE.

On a motion for a new trial in a prosecution for robbery, proposed testimony of disinterested eyewitnesses that defendant did not strike the prosecutor was not cumulative to similar testimony of those jointly indicted with defendant.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 2329.]

2. SAME—NEW EVIDENCE—DILIGENCE.

Code Cr. Proc. § 465, provides that a new trial may be granted where defendant can produce evidence such as, if before received, would probably have changed the verdict, and no want of diligence is shown.  On a motion for a new trial, it appeared that certain witnesses who would have given material testimony were preparing to attend, when defendant's counsel told them that he thought the case would not be reached that day, and that it would be sufficient if they would be within telephone call, that no call came, though there was testimony that the message was sent, and it also appeared that defendant's counsel did not call the attention of the court to the existence of such witnesses, and that he neither moved for a continuance or an adjournment.  *Held*, that a new trial should be granted, inasmuch as any lack of diligence was that of defendant's counsel.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, §§ 2318–2323.]

Appeal from Trial Term, Westchester County.

John O'Brien was convicted of robbery, and he appeals from an order denying a motion for a new trial.   Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Arthur J. Burns, for appellant.

William A. Moore, for the People.

JENKS, J.  The defendant and four other young men were tried together, the defendant and two were convicted of robbery, and the other two were convicted of assault in the third degree.   The appeal is from the judgment and from an order denying a new trial on newly discovered evidence.   The learned county judge who presided at the trial and who heard the motion has granted a certificate of reasonable doubt.   At 5 o'clock on a July afternoon, these young men, who had been drinking together, were walking in groups along a road in the city of Yonkers.   They encountered Goldstein and one of them asked him for a dime, which Goldstein refused.   Thereupon a quarrel arose and Goldstein was set upon.   Donati came to Goldstein's help.   Goldstein testifies that during the fisticuffs Terry put his hand in Goldstein's pocket and took out some silver coins.   There is no proof that this defendant aided, assisted, or abetted Terry in any way, and hence his conviction must be based upon the finding that he took part in an assault upon Goldstein, which was committed for the purpose of the robbery, or which showed at least that element of force to that end which is necessary to constitute that crime.   Goldstein testifies that the defendant was the first man who began the quarrel, by slapping his face.

In view of these circumstances any testimony of disinterested eye-witnesses might be of substantial, if not conclusive, benefit to the defendant, if they should give creditable evidence that the defendant did not lay hand upon Goldstein. It appears by the affidavit that such eyewitnesses were in existence, that they stood ready to testify, and will testify to this effect. It likewise appears that under the call of subpœnas left for them they attended when the case was set for trial, but it was not moved. On the day next set they were preparing to attend, when the counsel for the defendant told them that he thought the case would not be reached on that day, and that it would be sufficient if they would be within call by telephone. They waited, but no call came. There is testimony that the telephone message was sent, but not communicated. It further appears that the counsel did not call the attention of the court to the existence of such witnesses, and that he neither moved for a continuance, nor an adjournment when they did not appear. It is quite evident that the fact that the defendent did not receive the benefit of this testimony is not in any sense due to the fault of the defendant, and that the fault must be laid at the door of his counsel, if anywhere. The evidence was not strictly cumulative, inasmuch as it was not of the quality of that adduced, namely, that of the other persons under joint indictment. The proof of the taking of the money is not very strong, there may be some doubt as to whether the violence was that contemplated in the definition of robbery, and the jury evidently did not regard the quarrel as a concerted plan to effect the robbery, because they convicted two of the party of assault only. The defendant was a resident of Yonkers for 17 years, and of unimpeached character. I think that justice will be best administered by ordering a new trial. In People v. Lane, 31 Hun, 13, 15, in consideration of the purview of section 465 of the Code of Criminal Procedure, the court say:

"Assuming the counsel to have known of the presence of the witnesses for that purpose, and that he omitted to call them, such omission should not act to the prejudice of the appellant."

Judgment and order reversed, and new trial ordered. All concur.