JOHN MARTINATIS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 23, 1906.*

1. PERJURY—*exact words need not be proven.* In a prosecution for perjury in swearing that the defendant saw certain persons stealing money from a cash register, the exact words used in the indictment need not be proven, and it is sufficient to prove the substance of them.

2. NEW TRIAL—*new trial not granted for newly discovered cumulative evidence.* To justify granting a new trial for newly discovered evidence it must appear that the evidence is conclusive in character and not merely cumulative, and that it was discovered since the trial, without negligence in not discovering and producing it before.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

W. S. ELLIOTT, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN J. HEALY, State's Attorney, and ROBERT N. HOLT, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was convicted of perjury in the criminal court of Cook county and has sued out a writ of error from this court to review that judgment.

The facts appear to be that plaintiff in error was a saloon-keeper in Chicago Heights. During the daytime he worked in a shop there and his brother attended to the saloon. On the 10th day of January, 1905, at about six o'clock in the evening, John Held, a constable, having in his possession an execution issued on a justice of the peace judgment for $41.20 in favor of Sol Ruvel, went to the saloon of plaintiff in error to collect the money. He was accompanied by the

plaintiff in execution, and when they arrived at the saloon plaintiff in error was not there. His brother Joseph was, and when he was informed by Held of his business there, Joseph requested Held to wait until plaintiff in error came, which he did. When plaintiff in error came to the saloon Held told him about the execution and requested payment. Plaintiff in error denied owing it and said he would not pay anything. The constable then informed him he would have to levy on property, and, accompanied by Ruvel, went behind the bar and began to take out and inventory boxes of cigars. Seeing there would not be enough cigars to pay the execution, Ruvel suggested that constable Held examine the cash register for money. Thereupon Held opened the cash register and took therefrom a number of bills and a quantity of silver, which he and Ruvel claimed amounted to $41.20. As the money was taken from the cash register the currency was laid in one pile on the back bar and the silver in another. While Held was engaged in taking the money from the cash register and counting it, plaintiff in error told him there was a commutation railroad ticket in the register and asked that it be handed to him, as he wished to go to Chicago. The ticket was given to him and he disappeared. Constable Held wrote a receipt and offered it to the brother of plaintiff in error. He refused to accept it and it was left on a pool table in the saloon. A number of other parties were present during all the transaction, including a policeman who was asked to be there by the constable. Plaintiff in error was a Lithuanian, and the policeman being of the same nationality was asked to be present because he could speak that language. A few days afterwards plaintiff in error filed a complaint before a justice of the peace charging Held and Ruvel with larceny in stealing $480 from his cash register on the occasion referred to. At the preliminary hearing they were discharged, and afterwards plaintiff in error was indicted for perjury in that trial. On the trial of this case plaintiff in error testified that when Held took the money

out of the cash register and placed the currency in one pile and the silver in another, he asked for the ticket to Chicago, and left while the money was in that position and before it was counted; that the reason that he charged Held and Ruvel with stealing it was because that morning he and his brother put $478 in the register, and that after Ruvel and Held left it was all gone but about thirty cents.

It is first insisted the proof does not sustain the allegations in the indictment. The indictment alleges that at the trial of Held and Ruvel plaintiff in error swore he saw said Held and Ruvel taking and stealing $480 out of the cash register in his saloon. It is contended the proof does not sustain the averment that plaintiff in error swore he saw the parties stealing the money. It is true the witnesses for the prosecution do not say that in the testimony of the plaintiff in error before the justice of the peace he said, in express words, he saw Held and Ruvel steal this money, but they give his testimony in substance, wherein they testified to his detailing all that he said occurred in the saloon up to the time he asked for the ticket and left for Chicago. Among other things, it was proven he swore before the justice of the peace that Held and Ruvel left the cigar case, went to the cash register, broke it open and took out $478, which was all the money there was in the register except thirty cents; that Held put the silver in one pile and the paper money in another; that there was about $40 in silver; that Ruvel and Held were standing with their faces to the back bar, and that Ruvel put the paper money in his pocket and Held the silver money in his pocket. It is clear he was swearing to what he claimed he saw, and the proof corresponds with the allegation in the indictment. The exact words need not be proven. It is sufficient to prove the substance of them. (*Hereford* v. *People,* 197 Ill. 222.) Held and Ruvel testify they took only $41.20, and the corroborating circumstances were ample to warrant the jury in concluding that the plaintiff in error committed perjury.

It is further insisted the court erred in not granting a new trial on the ground of newly discovered evidence. Affidavits of four persons were filed stating that they knew and would swear to certain things if a new trial was granted. One of these parties was known by plaintiff in error to have been present in the saloon at the time Held and Ruvel opened the cash register and took the money therefrom. He attended the first day of the trial of this case but was not present on the second, and no continuance appears to have been asked on account of his absence. Another one was the attorney who prosecuted Held and Ruvel before the justice of the peace. Another was present at the trial and heard the plaintiff in error testify. Another was a saloon-keeper in whose presence Held testified he had a conversation with the plaintiff in error. There is no affidavit that it was not known until after the trial that these witnesses knew and would swear to the facts set forth in their affidavits. So far as this record shows plaintiff in error may have known of these witnesses, and what they would swear to, before the trial. He certainly did as to two of them. Furthermore, the testimony of these witnesses would have been cumulative only, and not conclusive. "The rule is well settled that to authorize a new trial on the ground of newly discovered evidence it must appear that the evidence has been discovered since the trial, and that the party has not been guilty of negligence in not discovering and producing it on the former trial, (citing cases.) Nor will a new trial be granted on the ground of newly discovered evidence where such evidence is merely cumulative and is not conclusive in its character." *Spahn* v. *People,* 137 Ill. 538.

Finding no error in the record the judgment of the criminal court is affirmed.          *Judgment affirmed.*