(54 Misc. Rep. 488.)

### PEOPLE v. WAY.

(Supreme Court, Special Term, New York County.   May, 1907.)

1. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A motion for new trial under Code Cr. Proc. § 465 (7), will be denied, when attacked on the ground of newly discovered cumulative evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 2328–2330.]

2. SAME.

A motion for new trial for newly discovered evidence to establish an alibi, where defendant does not allege that the new witnesses were present when the crime was committed, and there was no effort to find them at the trial, and it does not appear that they would testify if a new trial was granted, will properly be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2336.]

3. SAME—IMPEACHING TESTIMONY.

A new trial will not be granted in order to discredit a witness whose motives are unimpeached and whose credibility is attacked only by hearsay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 2331, 2332.]

Louie Way was convicted of assault.   On motion for new trial. Denied.

See 104 N. Y. Supp. 277.

William Travers Jerome, Dist. Atty. (James R. Ely, of counsel), for plaintiff.

Luman A. Spaulding, for defendant.

LEVENTRITT, J.   The defendant had been convicted of assault in the first degree.   On the trial of the action he attempted to prove two defenses:  (1) Justification; and (2) an alibi.   The alleged newly-discovered evidence which he now presents as a basis for a new trial is in support of the latter defense.   It is, however, of the same character as the evidence previously adduced, and is offered to establish the same fact.   It is, therefore, merely cumulative, and, under subdivision 7 of section 465 of the Code of Criminal Procedure, is unavailing on an application for a new trial.   Furthermore, if the witnesses now sought to be utilized were with the defendant under the circumstances detailed, his failure to produce them upon the trial has not been explained, and he has not shown the diligence which the law requires and which the exigency of his situation would have prompted.   He does not even now allege their presence on the occasion of the assault, although he, of all others, should be cognizant of the fact.   No effort to

find them at the time of the trial is disclosed, and it does not appear that they would testify if a new trial were granted. The unusual circumstances under which two of the witnesses were discovered are almost conclusive of the improbability of their stories. These facts, viewed in the light of the positive identification of the defendant, not only by police officers, but by disinterested citizens, call for a denial of this application, and negative the probability that a different verdict would be returned, even if a new trial were to be granted.

The only remaining ground urged is in the nature of an attempt to discredit the testimony of a witness whose motives are unimpeached, and not even questioned, and whose credibility is attacked only through the medium of hearsay testimony. A new trial will not be granted upon the basis of such an attack. People v. Sullivan, 40 Misc. Rep. 308, 315, 81 N. Y. Supp. 989.

Motion denied.