SUPREME COURT—APP. DIVISION—THIRD DEP.,
May, 1907.

## THE PEOPLE *v.* GIOVANNI BONIFACIO.

(119 App. Div. 719.)

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE IN ITS CHAR-
ACTER.

Application for new trial on newly discovered evidence, refused for
failure to explain why it was not produced on trial, for laches, and on
the ground that the evidence was cumulative.

APPEAL by the defendant, Giovanni Bonifacio, from a
judgment of the Supreme Court, rendered on the 16th day of
November, 1904, at the Montgomery Trial Term, convicting
him of the crime of murder in the second degree, and also
from an order entered in the office of the clerk of the county of
Montgomery on the 9th day of November, 1905, denying the
defendant's motion for a new trial made upon the minutes.

*George M. Albot* and *William E. Woollard,* for the ap-
pellant.

*John S. Maxwell, District Attorney,* and *Fox Sponable,*
*Assistant District Attorney,* for the respondent.

COCHRANE, J.:

The defendant has been convicted of murder in the second
degree for shooting to death one Ralph Di Scibio on the 7th of
August, 1904. Di Scibio at that time was the proprietor of
an Italian shanty near the city of Amsterdam, which shanty he
occupied as a store and in which he also furnished lodgings for
some Italians, including defendant, who were engaged in the
construction of a highway in the immediate vicinity. There
is no substantial dispute as to what occurred just before and

just after the fatal shooting. Deceased and defendant quar-
reled over a small indebtedness owed by the latter. Deceased
insisted on being paid and that defendant should leave the
place. Deceased was in the store; defendant was outside and
they were talking through an open window. The deceased left
the store and started in the direction of the defendant threaten-
ing personal violence. Defendant drew from his clothing a
revolver which was discharged, the shot taking effect in the
body of Di Scibio and causing his death. After the shooting
defendant turned and ran; Di Scibio picked up a stone and
threw it at him; proceeded for a distance of sixty or seventy
feet, fell on a pile of straw and died. Two witnesses, Gagliardi
and a brother of the deceased, testified that the defendant dis-
charged his revolver when Di Scibio was from four to six feet
distant and Gagliardi also testified that before doing so or at
about the time of doing so he called to Di Scibio to step back
or he would shoot.

The defendant's version was that the deceased seized and
struck him; that he then drew the revolver to frighten Di
Scibio; that the latter pulled the revolver out of defendant's
hands and that in the encounter it was accidentally discharged.
One witness called for the defendant testified that as the de-
ceased approached defendant the latter called to him four times
to step back, and did not take the revolver from his pocket
until after he had been seized by the deceased. Another wit-
ness who was within the store heard defendant say four times,
" Ralph, stand back," and then heard the report of the revolver,
but did not see what occurred. That is substantially all the
evidence as to the homicide.

Defendant made his escape and was arrested about ten miles
from the scene of the homicide. If, as he says, the shooting
was accidental he must have fled without knowing the fatal
character of the wound and without in fact knowing that the
shot had in any way taken effect, inasmuch as there was no

external bleeding or anything to indicate to him that Di Scibio had been even slightly wounded. He admitted that the deceased was a larger man than himself; that he knew him to have a violent disposition; that he had seen him assault different individuals; that he was afraid of him; he saw him approach, threatening violence, but with nothing in his hands with which to execute such threat; he might have turned and fled without either receiving or inflicting an injury; nevertheless he made no effort to do so, but stood his ground until the revolver was discharged and then made his escape.

On this evidence the jury were justified in finding that the defendant designed to effect the death of Di Scibio, and that such homicide was not a justifiable act of self-defense. Indeed, defendant does not claim that he committed the deed in self-defense, but that the shooting was accidental. The jury, on sufficient evidence, found otherwise.

Numerous criticisms are made of the charge of the learned trial justice. The charge was an eminently fair one, fully and completely safeguarding and protecting the defendant in all of his rights, and no error is discoverable therein.

About a year after the judgment herein a motion was made on affidavits for a new trial on the ground of newly-discovered evidence. The motion was adjourned from time to time, and an order denying such motion was finally made December 24, 1906, more than two years after the judgment and more than one year after the appeal had been taken. Defendant seeks on appeal from the judgment to review such order.

A motion for a new trial in a criminal case can only be granted in accordance with sections 463 and 465 of the Code of Criminal Procedure. Subdivision 7 of said section 465 provides for a new trial " when it is made to appear by affidavit that upon another trial the defendant can produce evidence such as if before received would probably have changed the verdict; if such evidence has been discovered since the trial, is

not cumulative; and the failure to produce it on the trial was not owing to want of diligence." Many of the authorities cited by the appellant are without application because they were civil actions in which such motions are not restricted by statutory provisions.

The defendant on such motion produced the affidavits of two witnesses who claimed to have seen the homicide. This alleged newly-discovered evidence would tend to show that a physical encounter took place between Di Scibio and the defendant, and that the revolver was discharged during such encounter, but it also corroborates the contention of the prosecution that defendant drew the revolver before such encounter. I do not think that the failure to produce this evidence at the trial is satisfactorily explained. These new witnesses lodged with defendant at the shanty of Di Scibio. Each says that at the time of the tragedy he stood within a few feet of defendant. One was in his company on the preceding evening when he had his first controversy with Di Scibio over the indebtedness. Defendant knew, or with the exercise of proper diligence could have ascertained, every individual engaged in the work of the highway construction. No one in his behalf sought any interview with these two witnesses, although such interview could have been had. The failure to do so, I think, was a lack of such diligence as is required by the statute. And in any event such evidence is clearly cumulative and cannot be made the basis of a new trial under the Code provision above cited.

About all that is left of the motion is an attack on the credibility of the witness Gagliardi on the ground that since the trial he has admitted that his testimony was untrue. The affidavits to prove such admission were made and submitted in January, 1906, at an adjourned hearing of the motion, and more than a year after the judgment, and it is doubtful whether they are entitled to any consideration under section 466 of the Code of Criminal Procedure which requires such a motion to be made

within one year after judgment. This admission of Gagliardi
seems to have been made in a saloon conversation September 1,
1905, nearly a year after the trial. Defendant's father claims
to have heard the statement, but no affidavit to that effect was
presented when the affidavits on which the motion was made
were presented to the court in November, 1905. This conten-
tion seems to have been an afterthought. It also appears that
the saloonkeeper who was one of the persons who claimed to
have heard the admission was also present at the homicide and
at the time of making his affidavit was suffering incarceration
for intoxication and disorderly conduct. He was orally exam-
ined on the motion and distinctly contradicted defendant's
testimony in that he said Di Scibio was six or seven feet from
defendant when he saw the revolver in the hand of the latter.
I am not deeply impressed with the environment from which
this so-called admission of Gagliardi as to the untruthfulness
of his testimony proceeds. But the defendant produced on the
motion an affidavit of Gagliardi, and comparison of such affi-
davit with the testimony given by him at the trial does not
reveal any contradiction as to any material fact. In his affi-
davit he makes it appear that Di Scibio had his hands on
defendant and that defendant pulled himself away. He did
not at the trial say that Di Scibio did not grapple with defend-
ant. The important point of his testimony was that defend-
ant discharged his revolver when Di Scibio was from four to
six feet distant and he in no way contradicts that in his subse-
quent affidavit. There may indeed have been a physical en-
counter. That is unimportant if it took place after the shoot-
ing of Di Scibio. As some of the witnesses say, the occurrence
took place within a very short space of time and notwithstand-
ing the fatal character of the wound Di Scibio, after receiving
the same, may have grappled with defendant, because all of
the witnesses including the defendant say that after the dis-
charge of the revolver Di Scibio threw a stone at the defendant

and it is conclusively established that he proceeded sixty or seventy feet before he fell. Gagliardi was not asked at the trial and did not testify concerning a physical encounter. He gave his testimony through an interpreter and this feature of the case may have been accidentally omitted. It was not important from the standpoint of the prosecution. His subsequent affidavit merely establishes the unimportant fact of a physical encounter at some time without militating against his former testimony that the shooting occurred while the two men were at a distance from each other. Had he testified to this additional fact at the trial there is not the slightest probability that such additional evidence would have changed the verdict.

The judgment should be affirmed.

Judgment of conviction and order unanimously affirmed.

NOTE.—NEW TRIAL OF CRIMINAL CASES ON NEWLY DISCOVERED EVIDENCE, CUMULATIVE IN CHARACTER.

### GENERAL RULES.

The decisions without exception hold that new trials will not be granted in criminal cases for newly discovered evidence merely cumulative in character. CALIFORNIA.—People v. O'Brien, 78 Cal. 41. ILLINOIS.—Martinatis v. State, 223 Ill. 117. IOWA.—State v. Phillips, 118 Iowa, 660. KANSAS.—State v. Lackey, 72 Kan. 95. KENTUCKY.—Black v. Com., 24 Ky. L. Rep. 1974. LOUISIANA. —State v. Sims, 117 La. 1036. MISSISSIPPI.—Cousins v. State, 34 So. 323. MISSOURI.—State v. King, 194 Mo. 474. MONTANA.— State v. O'Brien, 35 Mont. 482. NEW YORK.—Williams v. People, 45 Barb. 201, People v. Hovey, 30 Hun, 354, People v. Benham, 30 Misc. 466, People v. O'Connor, 37 Misc. 754. NORTH CAROLINA. —State v. Lilliston, 141 N. C. 857. OKLAHOMA.—Hurst v. Terr., 16 Okla. 600.

Cumulative evidence may be defined as additional evidence of the same nature as that previously produced to support the same fact. People v. Leighton, 1 N. Y. Crim Rep. 469; People v. O'Connor, 37 Misc. 754; People ex rel. Oelricks v. Superior Court, 10 Wend. 285; Brobish v. State, 35 Vt. 452.

It should be such as to impress the trial judge that if added to the other evidence in the case it would be likely to turn the scales in favor of the accused. State v. Albert, 109 La. 201.

But if the alleged newly discovered evidence merely confirms the verdict, a new trial is properly refused. State v. Wilson, 114 La. 398.

The rule in civil cases that a motion for a new trial on the ground of newly discovered evidence will not be denied merely because it is cumulative, was held in People v. O'Connor, 37 Misc. 754, to be inapplicable to criminal proceedings, as the New York Code of Crim. Procedure, § 465, subd. 7, relative to granting new trials for newly discovered evidence, expressly makes the limitation " if such evidence has been discovered since the trial, it is not cumulative."

Subdivision 7 of the New York Code of Criminal Procedure, § 465, expressly provides that a new trial may be granted when it is made to appear by affidavit that upon another trial a defendant can produce evidence such as if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, it is not cumulative and the failure to produce it on the trial was not owing to want of diligence. It will be observed that this section of the Code of Criminal Procedure expressly provides that to justify the granting of a new trial upon the ground of newly discovered evidence, it must not be cumulative in character.

**FLEXIBILITY OF RULE.**

But the rule that a new trial will not be granted in order to permit the introduction of evidence merely cumulative, is not inflexible. State v. Albert, supra; State v. Ferguson, 114 La. 70.

Merely cumulative evidence if it has the effect to render clear and positive that which was before equivocal and uncertain, will justify a new trial especially in a capital case. Andersen v. State, 43 Conn. 514.

Evidence bringing to light some new truth of a different character is not cumulative, although proving the same propositions before insisted on. State v. Bailey, 94 Mo. 311.

Any evidence of disputed and independent facts of a different character, though it may tend to establish the same ground of defense in a prosecution for manslaughter, was not regarded in Casey v. State, 20 Neb. 138, as cumulative within the general rule.

Newly discovered evidence of a sworn statement of one of the prosecuting witnesses which is favorable to the accused, was held in Fletcher v. People, 117 Ill. 184, not to be cumulative.

## APPLICATIONS OF RULE.

The rule on the subject of new trials based on newly discovered evidence, cumulative in character, was applied in the following cases:

### ALIBI.

The rule denying a new trial for merely cumulative evidence is held not to apply where the evidence is to prove an alibi. State v. Stowe, 3 Wash. 206; Pinckord v. State, 13 Tex. App. 468.

In Pinckord v. State, supra, the court said: " That evidence is cumulative where the object sought is to prove an alibi, is no reason for its exclusion; on the contrary, the greater the number of witnesses to the facts establishing it, the stronger, ordinarily, would be our reliance upon and conviction of its truth."

Proof of an alibi as ground for a new trial in a suit for seduction, is not cumulative where defendant gave no evidence on that point at the trial, because he was surprised in respect to the time testified to by the plaintiff, and so was unprepared to contradict it. Sargent v. ————, 5 Cowen, 106.

So, one convicted of. an assault will not be granted a new trial under N. Y. Code Crim. Proc., § 465, subd. 7 on the ground of newly discovered evidence supporting an alibi, especially where diligence was not shown in producing new witnesses, and where their evidence was tainted with improbability. People v. Way, 54 Misc. 488.

But, if the newly discovered evidence is at most merely cumulative of the alibi, which is one of the issues tried, it was held in State v. Bates, 182 Mo. 70, that the motion for a new trial should be denied.

### BASTARDY.

The objection of cumulative evidence did not prevail in State v. Lowell, 123 Iowa 427, which was a proceeding in bastardy. The evidence for the people was that the unlawful act of sexual intercourse took place on October 1st., which was three weeks after prosecutrix went to work as a domestic at the house of the defendant. The defendant testified that prosecutrix came to his place on August 18th and left September 9th so that according to the ordinary period of gestation he could not have been the father of her child born the 23rd of the following July. On a petition for a new trial on the ground of newly discovered evidence, the court held that the evi-

9

dence of a witness who testified that on the 25th of August he met the parents of prosecutrix who told him that she had gone to the house of the defendant that day, and that prosecutrix made the same statement, was not cumulative and that a new trial should have been ordered.

## INSANITY.

Cumulative evidence of insanity of the defendant in a criminal case furnishes no reason for a new trial on the ground of newly discovered evidence. State v. Redemeier, 8 Mo. App. 1; People v. Kloss, 115 Cal. 567.

No error was committed in overruling a motion for a new trial of one convicted of murder, to which charge the defense of insanity was interposed, made on newly discovered evidence tending to show the early history of the defendant, the past and present condition of his mother, and her other children, where a large amount of evidence on the subject of insanity had been introduced at the trial, and new evidence could not have produced a different result. State v. Church, 199 Mo. 605.

In a case in which the alleged new evidence was that of the doctor who attended the defendant and dressed his wounds at the time he received the injury, which it was claimed produced epilepsy and emotional insanity, a new trial of one convicted of murder will not be granted where the experts who testified on the trial had all of the data that the new witness would testify to. People v. Kloss, 115 Cal. 567.

So, where the new evidence is in the form of additional non-expert testimony on the subject of the defendant's eccentric, excitable and nervous temperament, a new trial of one convicted of murder will not be granted. Lilly v. People, 148 Ill. 467. In this case no legal excuse was shown for the failure to produce this evidence upon the trial.

## LARCENY.

But in Andersen v. State, 43 Conn. 514, speaking of cumulative evidence of insanity, the court said: " In a case where life is at stake, if the new evidence, in addition to that already produced, will have the effect to raise a reasonable doubt whether the prisoner was in a condition of mind to commit the highest crime known to our law, and to incur the severest penalty which human law can inflict, it ought not to be regarded as cumulative so as to prevent another trial." In this case it appeared that the subject of insanity had not been gone into thoroughly on the trial.

The affidavit of the accused in a prosecution for larceny of a horse, used on a motion for a new trial, stating that since the trial he has obtained information from two other persons as to the identity and residence of the one who had the horse he himself was charged with stealing, and with whom he claimed he made a trade for such horse, was held in State v. Hill, 39 Ore. 90, to show no ground for a new trial as the proposed evidence was only cumulative of that already given at the trial by the defendant and his brother.

A new trial of one convicted of larceny will not be granted on affidavits showing that there was such a man as the one from whom the defendant purchased the property he was charged with stealing, when he had already testified in regard to him at the trial. People v. Chrisman, 135 Cal. 282.

In support of a motion for a new trial applicant's counsel filed an affidavit alleging that since the verdict of the jury in a prosecution for larceny of a saddle, estimated by several witnesses for the state, to be worth from twenty-five to forty-five dollars, he had discovered additional witnesses who would place the value of the saddle below twenty dollars. The court said that this testimony if produced, would have been merely cumulative upon the point to which appellant examined several witnesses, and the affidavit was insufficient to justify the court in awarding a new trial. State v. Blain, 118 Iowa, 466.

**MURDER.**

An affidavit by a witness in a murder case that a decedent's death was the result of pneumonia and that the pneumonia was the result of the wound inflicted by the defendant, and not as he had testified at the trial, namely, that the deceased had died of a gun shot wound, was held in State v. Wilson, 114 La. 398, to furnish no ground for a new trial where another witness testified on the trial that death was caused by pneumonia resulting from such wound.

Newly discovered evidence in People v. Leighton, 1 N. Y. Crim. Rep. 468 and in People v. Bonifacio, 119 App. Div. 719, 21 N. Y. Crim. Rep., was held to be cumulative and not ground for granting a new trial to one convicted of murder.

But in a case in which one was convicted of murder notwithstanding the evidence of a certain witness corroborated by three others, that another person killed the deceased, newly discovered proof purporting to show that such witness himself did the killing, is merely cumulative, since the issue on the trial was whether defendant or another did the killing, and the same issue would be raised by the new evidence. People v. Shea, 16 Misc. Ill.

**FORGERY.**

Where the only purpose of the newly discovered evidence would be to corroborate the testimony of a defendant in a forgery case, and no diligence was shown why it was not offered at the trial, a motion for a new trial should be denied. State v. Allen, 171 Mo. 562; State v. Bybee, 149 Mo. 632.

A new trial will not be granted on affidavits, that the person convicted of the crime of forgery was not the one who committed the crime, where the identity of the defendant was one of the material issues on the trial. May v. State, 77 Vt. 330.

**OBTAINING GOODS UNDER FALSE PRETENSES.**

It was held in People v. Hong Quin Moon, 92 Cal. 41, not to be error to refuse one convicted on the charge of obtaining money by means of fraudulent pretences and representations, a new trial on the ground of newly discovered evidence, where the witnesses for the defendant testified at the trial substantially to the same matter set forth in the affidavit on motion for a new trial, the only difference being that statements of the prosecuting witness were made since the trial, of the same character as those testified to at the trial as having been previously made.

**PERJURY.**

A new trial will not be granted in a perjury case because of the affidavit of one of the witnesses for the prosecution that he was mistaken in his testimony given upon the trial, when such testimony was rebutted by witnesses testifying in behalf of the defendant, and does not pertain to a material issue in the case. State v. Potts, 83 Iowa, 317.

**RAPE.**

Affidavits used on a motion for a new trial of one convicted of assault with intent to rape, which were mostly to the effect that the person assaulted admitted in conversation with the affiants subsequent to the assault, that she did not know positively that it was the defendant who made the assault, were held in Lathrop v. People, 197 Ill. 169, to present no ground for a new trial where the same kind of contradictory evidence was introduced upon the trial which resulted in the conviction of the defendant.

But when there is in question the identity of a man and woman seen together in a spring wagon by two occupants of a buggy, and a man driving a carriage, and the occupants of the buggy testify that the persons were the defendant and his daughter, but the latter who was called as a witness, testified that she was not in the spring

wagon nor with her father, and denied all knowledge of the event referred to by the witness, it was held in State v. Tyson, 56 Kan. 686, that the testimony of the driver of the carriage who could not be found until after the trial, that the persons in the spring wagon were not the defendant and his daughter, was not cumulative as to the evidence of the daughter.

## ROBBERY.

Proposed testimony of disinterested eye witnesses, on a motion for a new trial in a prosecution for robbery, that the defendant did not strike the prosecutor, was held in People v. O'Brien, 110 App. Div. 26, not to be cumulative to similar testimony of those jointly indicted with the defendant.

## SALE OF LIQUORS.

A new trial will not be granted on an affidavit of a witness to the effect that the defendant did not occupy the building in which he was alleged to have made the unlawful sale of liquor at the time the sale was claimed to have been made in March or April, but on the contrary, removed his stock and occupied the same, first, about May 10, since this evidence is cumulative merely, inasmuch as both the defendant and one other witness testified to the same effect, on the trial. State v. Thurman, 121 Mo. App. 374.