**William Eugene Brown, Plaintiff in Error, v. The People of the State of Illinois, Defendant in Error.**

### Gen. No. 13,113.

1. PERJURY—*when indictment and verdict correspond.* A verdict convicting a defendant of "attempted subornation of perjury" is not variant from an indictment charging him with an attempt to "incite" to perjury.

2. PERJURY—*when false testimony material.* False testimony as

to a question of fact placed in issue by the pleadings in a cause is material and may be made the basis of a prosecution for perjury.

3. EVIDENCE—*when testimony of absent witness not admissible in criminal prosecution.* The testimony of an absent witness is not admissible on behalf of the defendant in a criminal case even though the People have had an opportunity to cross-examine such a witness in a trial in which both parties were the same and in which the testimony offered was given.

4. NEW TRIAL—*when newly discovered evidence not ground for.* A new trial in a criminal case will not be granted the defendant upon the ground of newly discovered evidence where the motion is based solely upon the affidavit of such defendant and refers to evidence affecting only the credibility of witnesses who testified against him.

Criminal prosecution for subornation of perjury. Error to the Criminal Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed December 18, 1908.

**Statement by the Court.** Plaintiff in error was indicted in the Criminal Court for a violation of the following section of the Criminal Code: "Whoever endeavors to incite or procure any other person to commit perjury, though no perjury is committed, shall be imprisoned in the penitentiary not less than one year, more than five years, or confined in the county jail not exceeding one year and fined not exceeding $1,000", and sentenced to imprisonment in the house of correction for one year, and to pay a fine of $100 and costs.

An information was filed in the Supreme Court by the state's attorney of Cook county against plaintiff in error, who was a practicing attorney in Chicago and a member of the bar of this State, charging him with certain fraudulent practices and moving for his disbarment. After the respondent had filed his answer, the cause was referred to G. Fred Rush, a master in chancery of the Superior Court of Cook county, to take the evidence and report the same to the Supreme Court. The substance of the information, answer, and of the testimony taken by the master as special

commissioner, is stated in the opinion in the case of The People *ex rel.* v. Brown, 218 Ill. 301.

The first count of the indictment avers that the information and answer thereto were filed in the Supreme Court, and order of reference made as above stated, and further avers that it was pertinent and material to the issue in said proceeding to inquire whether there was such a person as William H., *alias* Billy Barton; whether such person was a detective and whether said Brown had delivered to him a check for $3,850; that when said proceeding was about to come up for hearing before said Rush, special referee, etc., said Brown unlawfully, etc., endeavored to incite one Charles T. Hass to commit perjury in said proceeding, etc.; that he unlawfully, etc., endeavored to incite and procure said Hass to appear before said Rush in said proceeding and testify that he knew said Billy Barton, had employed him as a detective; that he had been shown by said Barton a check for $3,850; that Barton went from Chicago to Kansas City to look up one Nelson; when in fact at said time when etc., Hass did not know Barton; had not employed him as a detective; had not been shown by him a check for $3,850 or any other sum; Barton did not go to Kansas City to look up Nelson and Hass had not told Brown that he knew Barton, or had employed him as a detective or otherwise; or been shown a check by him; or that Barton had gone to Kansas City to look up Nelson, and so etc., said Brown unlawfully etc. did endeavor etc. to incite and procure the said Hass to commit perjury etc.

The second count is substantially like the first except that the proceedings in the Supreme Court and before the special commissioner are stated more fully.

The defendant pleaded not guilty. The jury returned the following verdict: "We, the jury, find the defendant, William Eugene Brown, guilty of attempted subornation of perjury in manner and form as charged in the indictment". Motions for new trial and in ar-

rest were made and overruled, and judgment entered on the verdict as above stated.

WILLIAM EUGENE BROWN, for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

We have not been favored with a brief for the People in this case.

The contention that the defendant was indicted for one offense and convicted of another is without merit. To suborn means to incite, to procure, and the offense charged in the indictment was aptly called in the verdict "attempted subornation of perjury".

The contention that the false testimony which the indictment charged that the defendant endeavored to incite and procure Hass to give, was not shown to be material to the point or issue in the disbarment proceedings, cannot be sustained. The information in the disbarment proceedings alleged that the respondent, on the pretext that he wanted to have Nelson apprehended, obtained from the bank the possession of said check for $3,850 and refused to produce the same, claiming that he had given it to Barton, a detective; that Barton was a fictitious person and the use of his name a fraudulent device used by respondent to get possession of the written evidence of his fraud. The respondent in his answer averred that he delivered the check to Barton, who was known to respondent as a person who did detective work, with instructions to find Nelson; denied that Barton was a fictitious person, etc.

Whether there was such a person as Barton, and whether respondent delivered the check to him, after it came back into his possession, were questions put in issue by the pleadings in the disbarment proceedings. Again, the evidence that there was no such person as Barton, and therefore that the statement of the respondent that he delivered the check to Barton and had not been able afterwards to find Barton, regain

possession of the check and return it to the bank, tended to show that the respondent had suppressed material evidence and was for that reason admissible and material. Chicago City Ry. v. McMahon, 103 Ill. 485; 1 Wigmore on Ev. sec. 278.

On the trial the defendant was unable to procure the attendance of several witnesses who had testified in the disbarment proceedings and offered to prove their testimony in such proceedings. The witnesses whose testimony it was offered to prove were all living, but the preliminary evidence showed that some of such witnesses were out of the state, and that others were sick and unable to attend. The parties in the disbarment proceedings and in this case are the same. The people in that proceeding had an opportunity to cross-examine the witnesses whose testimony it was offered to prove in this case. The rule applicable to the testimony of absent witnesses given at a former trial of the same case is applicable in this case to the testimony of absent witnesses given in the disbarment proceedings. The question is therefore presented, whether, in a criminal case, testimony of a witness at a former trial who is out of the state or so ill as to be unable to attend the trial, is admissible for the defendant. On this question the authorities are conflicting. In several of the states such testimony has been held admissible.

In Bergen v. The People, 17 Ill. 425, it was held by the Supreme Court of this state that in a criminal case, evidence, for the prosecution, of the testimony of a witness, then beyond the jurisdiction of the court, by procurement of the defendant, given at the examination of the defendant before the magistrate for the same offense, was not admissible.

Among the cases cited in the opinion were, Finn v. The Commonwealth, 5 Randolph, 701, and People v. Newman, 5 Hill, 295. In Finn's case and in People v. Newman the witnesses were out of the state, and the testimony was offered by the prosecution and held not admissible. In Brogy v. The Commonwealth, 10 Grat-

tan, 722, the witness was out of the state and the evidence was offered by the defendant and held not admissible.

To the same effect are Owens v. The State, 63 Miss. 450; Collins v. Commonwealth, 12 Bush. 271, and U. S. v. Angell, 11 Fed. 34, in each of which cases the evidence was offered by the defendant; and State v. Houser, 26 Mo. 431, where the evidence was offered by the prosecution. In jurisdictions where such evidence is held admissible, it is held admissible whether offered by the defense or by the prosecution. We regard the decision in Bergen v. The People, *supra*, as controlling in this case, although in that case the evidence was offered by the prosecution, and in this case by the defendant, and it follows that in our opinion the evidence was properly excluded.

We find no error in the other rulings of the court on questions of evidence or in the rulings on instructions. The judgment should not, in our opinion, be reversed because of the argument of counsel for the People.

On the evidence, we cannot say that the jury might not properly find the defendant guilty. The material facts tending to show his guilt were testified to by Hass, Mrs. Starek and Mullen, and their testimony was directly contradicted only by the testimony of the defendant.

The defendant filed his own affidavit alone in support of his motion for a new trial, on the ground of newly discovered evidence tending to affect the credibility of Hass, Mrs. Starek and Mullen. The court did not err in denying his motion. Martinatis v. The People, 223 Ill. 117.

Finding no error in the record, the judgment of the Criminal Court will be affirmed.

*Affirmed.*