Stearns *v.* Allen.

━━▶●◉●◀━━

## ELI STEARNS *v.* GEORGE A. ALLEN.

A new trial will not be granted for new discovered evidence, when all the facts show, that the petitioner, with due diligence, might have produced, at the trial by the jury, all the evidence which he discloses in his petition.

UPON the trial of this case in the county court, it appeared that the plaintiff had indorsed a certain note to the defendant, and the main controversy in the case was, whether the words "demand and notice waived," which appeared over his indorsement upon the note, were placed there with his consent. A verdict was returned for the defendant, under the instructions of the court, and exceptions were taken, which, at the hearing in the supreme court, were waived.

After the case was entered in the supreme court, the plaintiff filed a petition for a new trial, upon the ground of new discovered evidence, and the hearing was had upon the petition alone. The facts. sufficiently appear in the opinion delivered by the court.

*Briggs & Underwood,* for plaintiff, cited *Hurd* v. *Barber,* Brayt. 170, *State* v. *Cox,* Ib. 171, *Myers* v. *Brownell,* 2 Aik. 407,. and *Kirby* v. *Waterford,* 14 Vt. 414.

*George K. Platt,* for defendant, cited *Kirby* v. *Waterford,* 14 Vt. 414, *Myers* v. *Brownell,* 2 Aik. 407, and *Bullock* v. *Beach et al.,* 3 Vt. 73.

The opinion of the court was delivered by

WILLIAMS, Ch. J.    The plaintiff does not rely on his exceptions, but asks for a new trial.    The court rarely grant a new trial for new discovered evidence.    It appears there were three trials in the case in the county court, and the ground of defence was fully disclosed on the two last trials.    At the trial in October, 1843, the petitioner had an opportunity of seeing the note, and must then have known, whether the entry above the indorsement, " demand and notice waived," was put there when he signed his name as indorser.    He had every opportunity to produce the proof, which he now relies on, at the trial in May, 1844 ; with due diligence he might then have produced all the evidence, which he now exhibits. There are no merits in his petition, therefore, on this ground.

Farther, the testimony now produced is by no means conclusive, and I may add, that it is not satisfactory, to prove that those words were not put on the note with the consent of the plaintiff.    The judgment of the county court must therefore be affirmed, and the petition for a new trial dismissed, with cost.