WM. C. MORGAN & WM. M. STEARNS *v.* ISAAC R. HOUSTON.

*Petition for new trial. Surprise. New evidence.*

That the County Court ruled the law different from what the party expected, and that ruling, was affirmed by this court, can never form the basis of a petition for a new trial, on the ground of surprise.

Where the newly discovered evidence was all of record, in this court, and might have been found, upon reasonable search, *it was held,* that this furnished no good or sufficient reason, why, a new trial should be granted, for to grant a new trial, on that account, would be to relieve the party from the consequences of his own neglect.

PETITION for a new trial, on the ground of surprise, in the ruling of the court, and newly discovered evidence.

The County Court,—POLAND, J. presiding,—*dismissed the petition.* To which decision the plaintiffs excepted.

*Geo. C. Cahoon* for plaintiff.

1. Surprise has ever been considered a good cause, for the granting of a new trial, in this State, and our reports abound in adjudged cases of this character. *Blake* v. *Howe,* 1 Aik. 306. *Dodge* v. *Kendall,* 4 Vt. 31. *Dow* v. *Hinesburgh et al.,* 1 Aik. 35. *Starkweather* v. *Loomis,* 2 Vt. 573. *Shepherd et al.* v. *Hayes,* 16 Vt. 486. *Haskins* v. *Smith et al.,* 17 Vt. 263.

The particular consideration in this case is, whether the matter of surprise is of that extent and character, that will authorize the court to interpose? We affirm that it is; the main matter of controversy being involved in it, and that to the amount of several hundred dollars. The plaintiffs, asking for the new trial, complain that they were surprised by relying upon previous decisions, of the

Morgan et al. *v.* Houston.

Supreme Court, treating the ownership of trees and timber, as a chattel in trust, and hence, supposed it unnecessary to go into the showing of a perfect title of the land, on which it grew; and further, that it was unnecessary in any event, to show that title in themselves; but to their surprise, the County Court ruled both and more. *Goodrich* v. *Hathaway*, 1 Vt. 485. *Yale* v. *Seely et al.*, 15 Vt. 221.

2. As to the newly discovered evidence, it is to those points where the party was taken by surprise, and is most material under the particular ruling of the court, but not otherwise, and essentially supplies the deficiency.

Newly discovered evidence is a sufficient cause for granting a new trial. Comp. Stat. 280 § 4. The evidence now discovered and offered, covers the whole ground of objection, &c. 1 Wash. Digest, 574. 2 Wash. Digest, 425.

———— ——— for defendant.

If the evidence could have been obtained, by due diligence they could not negligently omit to obtain it, and then claim that it was newly discovered. The evidence was all of record and in the office of the clerk here, and at the same place where the plaintiffs obtained all the rest of their evidence to sustain the vendues. And what lawyer ever undertook to make a title under a highway tax sale, without showing the allowance of the account of the committee? It would be such gross negligence, as can not be relieved, by a petition for a new trial. *Myers* v. *Brownell*, 1 Aik. 407. *Stearns* v. *Allen*, 18 Vt. 119. *Haskins* v. *Smith*, 17 Vt. 263.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is a petition for a new trial, on the ground of surprise, at the trial, and newly discovered evidence.

1. One ground of surprise, on the part of the petitioners, is that the County Court ruled the law different from what they expected, and that ruling was affirmed, in this court. This could never form the basis of a petition for a new trial. This is a surprise that overtakes every body concerned in the administration of civil justice, every day of his life. Human opinion is infinitely various, and always will be.

If a party supposes it possible, that evidence exists, which will

enable him to avoid the effect of a decision against him, he should obtain a delay and search for the evidence. But if instead of doing that, he ventures to rely upon his exceptions, and fail there, or if he move for continuance, which the court refuse, it could not fail to be of evil example to grant relief, by petition for new trial. In one case, it would encourage rash experiment, and in the other, would be virtually granting a new trial, because the court unreasonably refused a delay of the trial. This seems to cover all, which is alleged, as surprise.

2. The newly discovered evidence being the record of the allowance of the committee's account, was all of record, in this court, and might have been found, upon reasonable search, in the proper place, and at the proper time, which seems not to have been done. To grant a new trial, on that account, would be to relieve the party, from the consequences of his own neglect.

There does not seem to be any just ground, for granting this petition, and it is dismissed with costs.