LAWRENCE BRAINARD, JOHN G. SMITH, AND JOSEPH CLARKE, TRUSTEES AND RECEIVERS, *v.* JAMES MORSE.[*]

[IN CHANCERY.]

*Bill of Review.*

To entitle a party to review a decree on the ground of newly discovered evidence, he must show, not only that the evidence discovered is material, and would probably change the result, but also that it was not, and could not have been by the use of reasonable diligence, discovered before the former trial.

PETITION for review of a decree of the court of chancery in favor of this defendant, made in a case between him as orator, and these petitioners as trustees and receivers operating the Vt. Central and the Vt. & Canada Railroads, as defendants. The case sufficiently appears in the opinion.

*Dewey, Noble & Smith,* for the petitioners.

—— —— for petitionee.

The opinion of the court was delivered by

WHEELER, J.   To entitle the petitioners to the relief prayed for in this petition, it is incumbent on them to show, not only that the evidence they ask an opportunity to use, would be material, and would probably change the result, substantially, but also that it was not discovered by them before the former trial, and could not have been by the use of reasonable diligence.

The evidence they wish to use is the testimony of James Curtis, Anna Curtis his wife, and Thomas Lynch his servant ; and they wish to use it to show that the damages sustained by the petitionee, were not so great as he claimed and recovered for in the former proceeding.   That claim was for the loss of sheep consigned by the petitionee to James Curtis, at Manchester, N. H., in

---

[*]This case was decided at the January term, 1870.

1858.  The claim was made as early as 1859, and the agents and attorneys of the petitioners having charge of this part of their business, then knew of the nature and extent of the claim, and where and how the loss was claimed to have occurred.  They knew that the sheep in question were consigned to Curtis at Manchester, N. H. ; and had they desired to investigate the existence or extent of the petitionee's loss further than to rely upon his claim in that respect, they knew to whom and where to apply for information, and where it was most likely to be found, that was, to Curtis, at Manchester.  Had they applied to him then, they might have learned all that they claim to have since discovered. They do not appear to have made any effort whatever in that direction until after the petitionee had taken his testimony, and then only far enough to learn that Curtis had gone somewhere West. Mrs. Curtis, all the while, resided at Manchester, and had the agents of the petitioners wished her testimony they could have obtained it easily, and also could have ascertained where Mr. Curtis was, and how to communicate with him.

It is not shown or claimed but that Lynch has all the while been where his testimony could have been had.  No application to Mrs. Lynch to find out where her husband was, or what could be proved by her, is shown to have been made ; and nothing is shown to have been done to get the testimony of Lynch.

Those persons who had the care of the case for the petitioners, seem to have preferred to let it stand upon the showing of the petitionee, rather than be to the trouble and expense of obtaining the testimony of these witnesses.  They almost entirely omitted to do anything about this part of the case ; not even doing enough to find out what they could prove by witnesses all the while accessible.  This was not reasonable diligence, even if it can be said that it was any diligence.  Sound policy requires that when parties have had a reasonable opportunity to get their proofs, and have them heard and passed upon, there should be an end to litigation ; any other rule would be intolerable.

Decree affirmed, and case remanded.