<hr />

## EUNICE P. JONES *v.* JOHN SENNOTT.

### *Bankruptcy. New Promise. Charge to Jury. New Trial.*

1. The plaintiff held two notes against the defendant, one a renewal of the other, and both for the same debt. In an action of assumpsit, to the defendant's plea of discharge in bankruptcy, the plaintiff replied a new promise. The plaintiff's son acted in her behalf at the time it was claimed the promise was made; but he had the old note with him and did not know of the new one. The court in effect told the jury, that in order to recover, both parties must have mutually understood what the promise applied to,—the old or the new note. And this was made prominent by repetition; *Held*, error; as there was but *one* debt to which the promise could apply; and that it was sufficient if the *defendant* understood that he was promising to pay his debt to the plaintiff.

2. New Trial. The petitioner in her original suit claimed that the defendant, in a public store, promised to pay a debt discharged in bankruptcy; but in this proceeding she failed to show that she made inquiry whether any one present heard the talk with the defendant; and the case had been tried once before, and so the defence was known; *Held*, that the defendant had been guilty of laches, and the petition was dismissed.

Jones *v.* Sennott.

ASSUMPSIT. Plea, general issue, with notice of discharge in bankruptcy. Replication, new promise after the discharge was obtained. Trial by Jury, September Term, 1885, ROYCE, Ch. J., presiding. Verdict and judgment for the defendant.

*Wilson & Hall,* for the plaintiff, cited to prove error in the charge of the court, *Kimball* v. *Baxter,* 27 Vt. 628; *Brewin* v. *Farrell,* 39 Vt. 206; *Hill* v. *Kendall,* 25 Vt. 528; *Allen & Co.* v. *Ferguson,* 18 Wall. 1.

*W. D. Stewart* and *Cross & Start,* for the defendant, cited to prove that the promise was not sufficient, *McDougall* v. *Page,* 55 Vt. 190; *Allen & Co.* v. *Ferguson,* 18 Wall. 1; *Kimball* v. *Baxter,* 27 Vt. 628; Ang. Lim. 238; that there was no error in the charge, *Fassett* v. *Roxbury,* 55 Vt. 552; *Melendy* v. *Bradford;* that the petition for a new trial ought not to be granted, *Quinn* v. *Halbert,* 52 Vt. 362; *Earl* v. *Griffith,* 52 Vt. 421; *Linsley* v. *Danville,* 45 Vt. 72; *Knapp* v. *Fisher,* 49 Vt. 94; *Morgan* v. *Houston,* 25 Vt. 570; *Westmore* v. *Sheffield,* 56 Vt. 239; *Reynolds* v. *Hassam,* 56 Vt. 449.

The opinion of the court was delivered by

VEAZEY, J. The action is assumpsit upon a promissory note. The defence was a discharge in bankruptcy; to which the plaintiff replied a new promise. The testimony of the plaintiff tended to show a new promise, after the discharge in bankruptcy, to the plaintiff's son Henry, acting in her behalf. The note in suit was a renewal of a former note, but given before the bankruptcy proceedings were instituted. When the son had the talks with the defendant in which, as the son testified, the new promise was made, he had with him the old note, and did not know that a new one had been given. There was but one debt. The son testified that the defendant promised to pay *the indebtedness.* The defendant in his testimony denied making *any*

promise, but admitted that the son asked him to pay something " on the indebtedness, or something like that," to his mother; and admitted that he did not owe her anything else other than the note in suit.

The court charged the jury, among other things, on the question of the alleged promise, that there must have been a *mutual understanding* between the defendant and the plaintiff's son as to what the defendant was promising to pay, whether the old note or the new one, and that the son as well as the defendant must have understood what the promise applied to, that is, which of the two notes. To this, exception was taken. The court think this exception must be sustained. The material thing was whether the defendant promised to pay his debt to the plaintiff. There was but one debt, and the defendant knew it, and knew he owed it, but for the discharge in bankruptcy. There being but one debt, and the defendant and Henry so understanding it, and the promise, if any, being made in reference to that debt, it is immaterial that Henry understood that the debt was evidenced by the old note only, and that the promise applied to that note. If the defendant understood what he was promising, and that he was promising to pay his debt to the plaintiff, it was sufficient.

The above instruction was repeated and made prominent in the course of the charge, so that the jury might well understand that it was a condition of the plaintiff's right of recovery, notwithstanding the rule was correctly stated in other connections.

For this error judgment is reversed, and the cause remanded.

The petition for new trial must be dismissed on the ground that the petitioner was guilty of *laches*. If the petitioner's son, who acted for her and had charge of the suit, and was the principal witness for the petitioner, had used anything like the same diligence before the trial that he apparently did after it, he would have obtained the evidence now pro-

duced. True, he may not have known, as he told his counsel, that any one heard the defendant make the alleged promise in Mr. Huntington's store; but he knew that Mr. Huntington, or some person in charge of that store, was present. He fails to show that he made any inquiry to find out whether any one present heard his talk with the defendant. The case had been once tried before a magistrate, so that the attitude of the defendant was known. Without passing upon other grounds of defence argued, we think the petition is glaringly defective in the respect stated, and it is dismissed with costs.