WALTER MAY, ALIAS BENJAMIN F. STEVENS *v.* STATE OF
VERMONT.

January Term, 1905.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ..

Opinion filed March 3, 1905.

*Criminal Law—Petition for New Trial—Newly Discovered*
*Evidence — Cumulative — Affidavits — Sufficiency—Alle-*
*gation of Due Diligence.*

On a petition for a new trial, under V. S. 1662, founded on newly dis-
covered evidence, the statement, by the petitioner and his counsel
in their affidavits, that they used all due diligence to seasonably
obtain such evidence, is insufficient to show due diligence; such
averment being the mere statement of a legal conclusion.

When the material question in the trial of a criminal case was as to
the identity of the respondent, and the newly discovered evidence
relied upon in a petition for a new trial goes only to the ques-
tion of such identity, it is cumulative evidence merely, within the
rule forbidding the granting of such petitions.

A petition for a new trial founded on newly discovered evidence will
not, ordinarily, be granted by the Supreme Court, when it appears
that a motion for a new trial, based on the same affidavits which are
relied upon in said petition, was made in the county court and
there heard and overruled, and no abuse of that court's discretion
is shown.

Such motion is addressed to the discretion of the trial court, and its
ruling thereon, without abuse of that discretion, is not a matter of
exception. To grant said petition in these circumstances would'
be, in effect, to give the petitioner the benefit of an exception to
such ruling.

PETITION FOR A NEW TRIAL, brought under V. S. 1662,
to the Supreme Court for Chittenden County at its January
Term, 1905, and then heard on affidavits taken and filed.

*Martin S. Vilas* for the petitioner.

The evidence given in the affidavits is not merely cumulative. *Waller* v. *Graves,* 20 Conn. 311; *Parker* v. *Hardy,* 24 Pick. 246; *Alger* v. *Merritt,* 16 Iowa 21; *Grogan* v. *R. Co.,* 39 W. Va. 415; *Coldworthy* v. *Linden,* 75 Wis. 34; *German* v. *Bank,* 38 Ohio, 368; *Bradish* v. *State,* 35 Vt. 456.

The rule against cumulative evidence is not intended to be carried out strictly, otherwise new trials would be impossible. *Leavy* v. *Roberts,* 8 Wis. 310; *Boggess* v. *Read,* 83 Iowa 548; *Myers* v. *Brownell,* 2 Aik. 406.

Even if the evidence contained in the affidavits is cumulative, this will not necessarily invalidate its force. *Vollkommer* v. *Nassau Electric R. Co.,* 23 N. Y. App. Div. 88; *The Wilcox Silver Plate Co.* v. *Barclay,* 48 Hun. 54; *Barrett* v. *The Third Ave. R. R. Co.,* 45 N. Y. 628.

Regardless of whether the evidence is cumulative, if it be such as to raise a strong probability of a different result on a new trial, such new trial should be granted. *Barkers* v. *French,* 18 Vt. 460; *Burr* v. *Palmer,* 23 Vt. 246; *Myers* v. *Brownell,* 2 Aik. 406; *Halstead* v. *Horton,* 38 W. Va. 727; *Smith* v. *Graves,* 74 Wis. 171; *Hart* v. *Brainer,* 68 Conn. 50; *Keet* v. *Mason,* 167 Mass. 154.

If, on the evidence presented, a clear case against the respondent is rendered doubtful, a new trial should be granted. *Anderson* v. *State,* 43 Conn. 514; *Waller* v. *Graves,* 20 Conn. 305.

The petition is addressed to the sound discretion of this Court. *Myers* v. *Brownell,* 2 Aik. 406; *Barrett* v. *R. Co.,* 45 N. Y. 628; *Clegg* v. *Newspaper Union,* 57 Hun. 232.

The burden of showing that the evidence is merely cumulative is on the State. *Rowland* v. *Reeves,* 25 Mo. App. 458; *Robler* v. *Cole,* 49 Cal. 25.

*Alfred L. Sherman,* State's Attorney, for the State.

All the alleged newly discovered evidence is additional evidence of the same kind to the same point as that introduced by respondent at the trial, and is, therefore, cumulative evidence. *Parker* v. *Hardy,* 24 Pick. 246; *Bradish* v. *State,* 35 Vt. 452; *Thayer* v. *C. V. Railroad Co.,* 60 Vt. 214; *Jenkins* v. *Eldredge,* 3 Story 299.

A new trial will not be granted unless it is reasonably certain that an injustice has been done. *Westmore* v. *Sheffeld,* 56 Vt. 239; *Town of Middletown* v. *Adams,* 13 Vt. 285; *Beckwith* v. *Middlesex,* 20 Vt. 593; *Thayer* v. *C. V. R. Co.,* 60 Vt. 214; *Doherty* v. *State of Vermont,* 73 Vt. 380; *Burr* v. *Palmer,* 23 Vt. 244; *State of Vermont* v. *Doherty,* 72 Vt. 381; *Badger* v. *State,* 69 Vt. 217; *Jones* v. *Sennott,* 57 Vt. 355.

POWERS, J.   The petitioner was convicted under the name of Benjamin F. Stevens of the crime of forgery.   He claimed at the trial, as he now does, that he is not Stevens, who, it is admitted, committed the crime, but is Walter May.   So the question of the petitioner's identity was one of the principal controversies of the trial.   Witnesses were produced by the State who testified to different points of resemblance between the petitioner and the man Stevens who was known to have committed the forgery; others were produced by the petitioner who testified to points of dissimilarity between them; and these witnesses gave opinions on the question of identity accordingly.   Witnesses for the State gave a good description of the physical appearance of Benjamin Stevens,—his height, weight, complexion, etc.   At the time of the trial the petitioner had a heavy full beard and wore glasses.   Stevens was described as having a brown or sandy moustache and as not wearing glasses.   Immediately after the verdict, the petitioner shaved off his beard, removed his glasses, and then called in the witnesses who had testified at the trial, or the most of them,

to give their opinions as to his identity based upon his personal appearance thus altered. The evidence in support of this petition tends to show that these changes, though making his physical appearance more in harmony with the description given of Stevens, made it more certain that he was not in fact Stevens. The evidence taken by the State tends to show that these changes made it more certain that Stevens and May were one and the same person.

There are several reasons why we cannot grant the prayer of this petition. In the first place, it does not satisfactorily appear that due diligence on the part of the petitioner would, not have put him in possession of this evidence in time for use at the trial. To be sure the petitioner and his counsel say in their affidavits that they used all due diligence in this regard; but this is the mere statement of a legal conclusion, and no facts are set forth, and none appear from the case as presented, from which we can form an independent opinion on that question.

Again, the new evidence is cumulative, merely. It is additional evidence of the same kind to the same point. It varies in certain features from any given at the trial, but it all goes to the question of identity, which is the *point* referred to in the rule.

And finally, it appears that a motion for a new trial, based upon the same affidavits which are relied upon here, was made in the court below. After hearing, this motion was overruled, a fact which has considerable weight with this Court in , determining questions of this kind. *Briggs* v. *Gleason,* 27 Vt. 117. This motion was addressed to the discretion of that court and is not matter of exception in the absence of abuse. To allow this petition under these circumstances, would be, in effect, to give the petitioner the benefit of an exception to which he is not entitled.

None of the foregoing reasons are absolutely determina-tive of the question here presented, but in order to prevail against them a petition would have to be supported by evidence more decisive and controlling in its character than that before us.

*Petition dismissed.*