MATTIE C. REYNOLDS *v.* HERBERT HASSAM.

Special Term at Brattleboro, November, 1907.

Present:   ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 17, 1908.

*Bastardy Proceedings—Intervention of Overseer of Poor—Order*
    *for Child's Support—Seasonableness and Scope of Objec-*
    *tion Thereto—New Trial—Newly Discovered Evidence—*
    *Requisite Diligence—Necessity of Counsel's Affidavit Sup-*
    *porting Petition.*

In a bastardy proceeding where plaintiff claimed that because of some
    disease or injury of his genital organs he was incapable of be-
    getting plaintiff's child, the comment and inquiry of plaintiff's
    counsel in argument to the jury:   "He has testified he had some
    disease of the generative organs. He does not see fit to tell us
    whence came the disease, whether by accident or otherwise.
    How do you suppose he contracted it?" though possibly suggestive
    of prior misconduct on defendant's part, cannot be treated as
    legal error.
In a bastardy proceeding, where the overseer of the poor had entered
    to prosecute, defendant excepted to the order for the support of
    the child "being made payable to the town of Bethel." *Held*
    that, no question having been made prior to the judgment as to
    the overseer's right to prosecute, the exception would not avail de-
    fendant to question the town's right to the payment, nor was it
    sufficiently specific to reserve questions as to the failure of the
    order to limit the successive payments to the life of the child
    and its need of support.
Defendant's petition for a new trial in a bastardy case, which involved
    the question whether he had intercourse with plaintiff during
    the month of January, based on his son's affidavit that he slept
    with defendant every night during that month and was with him
    continuously every day, will be denied where it is apparent that
    defendant knew all this before the trial, and that his knowledge

of the case charged him with the preparation of a defence covering that month.

A petition for a new trial on the ground of newly discovered evidence, though alleging the petitioner's ignorance thereof until after the trial, should be supported by his counsel's affidavit of like ignorance on his part, especially where his cross-examination arouses suspicion of the contrary.

BASTARDY PROCEEDING. Plea, not guilty. Trial by jury, at the December Term, 1906, Windsor County, *Taylor*, J., presiding. Verdict, guilty; and judgment thereon. The defendant excepted.

Defendant claimed that as the result of some recent disease of his genital organs, or of surgical operations had for his relief, he was incapable of begetting the plaintiff's child, and, besides other evidence, relied on the testimony of a physician, Dr. Sherwin, who had examined him during the trial. It appeared that defendant was the father of a child twenty years of age. Plaintiff's counsel in his argument to the jury, subject to defendant's objection and exception, said: "For anything observed by Dr. Sherwin the defendant might have been in the same condition when his child was begotten as when he, Sherwin, examined him. He has testified he had some disease of the generative organs. He does not see fit to tell us whence came the disease, whether by accident, or otherwise. How do you suppose he contracted it? Does he say he received an injury?" None of these statements were withdrawn, and the court did not instruct the jury to disregard them.

The defendant also brought his petition for a new trial on the ground of newly discovered evidence, under V. S. 1662, to the Supreme Court for Windsor County at its special term at Brattleboro, November, 1907, which petition was then heard with defendant's exceptions.

*Davis & Davis* and *Wallace N. Batchelder* for the defendant.

The argument of plaintiff's counsel to which defendant objected and excepted, was prejudicial, unwarranted, and such error as should reverse the case. *Magoon* v. *Boston & Maine R. R.*, 67 Vt. 177; *State* v. *Hannett*, 54 Vt. 83; *Rea* v. *Harrington*, 58 Vt. 181; *Cobble* v. *Cobble*, 79 N. C. 589.

*John J. Wilson,* and *Stickney, Sargent & Skeels* for the plaintiff.

There was no error in making the orders payable to the town of Bethel.   The statute so directs.   V. S. 2730; *Humphrey et ux.* v. *Kasson,* 26 Vt. at p. 764.

MUNSON, J.   The defendant claimed that as the result of some disease or injury of his genital organs, or of surgical operations had for his relief, he was not capable of begetting the plaintiff's child.   It was of course the position of the plaintiff that no disease or injury had been shown that could justify the conclusion that this incapacity existed.   In this situation, the comment and query of plaintiff's counsel to which exception was taken, although possibly suggestive of prior misconduct on the part of defendant, cannot be treated as legal error.

The defendant excepted to the order for the support of the child "being made payable to the town of Bethel."   It is now urged in support of the exception that there was no evidence tending to show that the child was chargeable or likely to become chargeable to the town.   No question having been made prior to the judgment as to the overseer's right to prosecute, the exception taken will not enable the defendant to question the town's right to the payment.   Nor was the exception sufficiently specific to save the questions now argued as to the want of terms limiting the successive payments to the life of the child and its need of support.

*Judgment affirmed.*

The defendant's case for a new trial consists in part of the affidavit of his son.   The plaintiff came to live in her father's family, where the defendant and his men boarded, late in December, 1905, and remained there, with occasional brief absences, until the very last of January, when she left town and remained away several weeks.   The child was born October 23. These facts, which must have been known to the defendant, were sufficient to charge him with the preparation of a defence having reference to the month of January.   The defence put in, other than evidence as to defendant's condition, was confined to his

own testimony in denial of the several acts of intercourse testified to by the plaintiff. If the defendant's son slept with him every night during the month, and was with him continuously every week day, and spent every Sunday at the house, the defendant knew all this before the trial as well as after, and the commonest prudence required that he have his son in attendance. If his son was sick and unable to attend, he should have moved for a continuance. The defendant is not entitled to have this affidavit considered.

It appears from other affidavits that the plaintiff was in Pittsfield several weeks in March and April, and that her board was paid by one Boutwell; that Boutwell frequently visited her and finally gave her money to procure a license for their marriage; that after this was procured and shown to Boutwell he left Pittsfield, sending the plaintiff word that he would return in a day or two, but not returning; that in subsequent conversations about her expected marriage and Boutwell's absence, the plaintiff referred to her condition and to Boutwell as the father of her child. It is alleged in the petition that the defendant had no knowledge of these matters until after the trial. The knowledge of his counsel is not negatived in any manner. The cross-examination of the plaintiff indicates that defendant's counsel knew of Boutwell and of the existence of some relation between the two. The general rule requires that a petition of this nature be supported by the affidavit of the attorney, and this case discloses no ground of exception, but rather a special reason for its application.

*Petition dismissed with costs.*