NANCY A. HEMMENWAY *v.* MARY E. LINCOLN.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 9, 1909.

*New Trial—Grounds—Surprise—Newly Discovered Evidence—*
*Petition—Sufficiency—Due Diligence—Supporting Affida-*
*vits.*

A new trial on the ground of surprise will not be granted, where the alleged unexpected issue was raised early in the trial and the petitioner failed to apply for a continuance.

In a petition for a new trial on the ground of newly discovered evidence, the allegation that, since judgment was affirmed in Supreme Court, petitioner "has been diligent in her search for new evidence" is insufficient, both because it is inadequate to show due diligence, and because it relates to what took place since the trial.

30

A petition of newly discovered evidence should be supported by affidavit of the petitioner that he had no knowledge of such evidence before or at the trial, and, ordinarily, by affidavit of counsel that he also was ignorant of it at the trial.

A petition for a new trial on the ground of newly discovered evidence relating wholly to facts that took place in petitioner's presence will be denied, in the absence of any thing excusing her ignorance of such facts.

PETITION for a new trial, brought to the Supreme Court for Windham County at its May Term, 1909, and then heard on the pleadings. The opinion states the case. See 80 Vt. 530.

*Gibson & Waterman* for the petitioner.

*Herbert G. Barber* and *Frank E. Barber* for the petitionee.

POWERS, J. This is a petition for a new trial on the ground of surprise and newly discovered evidence.

The first ground is not available to the petitioner, for if, as she says, she was surprised to have Miss Lincoln deny that a note was given for the original loan, she should have applied for a continuance, that she might have had time and opportunity to prepare for this unexpected issue. This denial came early in the trial, and having chosen to go along without requesting a continuance, the petitioner is bound by her election,—there being nothing in the case to take it out of the general rule. *Taylor* v. *St. Clair,* 79 Vt. 536, 65 Atl. 655; *Briggs* v. *Gleason,* 27 Vt. 114; *Cooledge* v. *Taylor,* 79 Vt. 528, 65 Atl. 582; *State* v. *White,* 70 Vt. 225, 39 Atl. 1085.

Nor can the petitioner prevail on the second ground. The petition contains no allegation of due diligence—sets forth no facts from which an inference to that effect can be drawn. The petitioner says, in effect, that since the affirmance of the judgment in Supreme Court, she "has been diligent in her search for new evidence." This is not only insufficient as an allegation of fact,—*May* v. *State,* 77 Vt. 330, 60 Atl. 1; *Comoli* v. *State,* 78 Vt. 423, 63 Atl. 186,—but it relates to what took place since the trial, while the real question is, what effort did the petitioner make before the trial to put herself in possession of the evidence necessary to maintain her defence? She says that she was un-

able to produce evidence sufficient to substantiate her claim, but does not specify the reason. Such a petition must be supported by the affidavit of the petitioner that the evidence is newly discovered,—that is to say, that the petitioner had no knowledge of it before or at the trial, *Bradish* v. *State*, 35 Vt. 452, and ordinarily must have attached to it the affidavit of counsel that they, too, were ignorant of it at the trial. *Reynolds* v. *Hassam*, 80 Vt. 501, 68 Atl. 645; *Taft* v. *Taft*, 82 Vt. 64, 71 Atl. 831. Not only is the affidavit of counsel wholly wanting here, but the petitioner does not deny that she knew all about the evidence now alleged to be newly discovered—except a part of that of Mary Wilcox, her mother, and Arthur Munroe, her son, both of whom were witnesses in her behalf at the trial. The issues were all fairly developed before these witnesses testified; and it is safe to assume that they were in frequent consultation with the petitioner and her counsel,—at least during the time the plaintiff was putting in her evidence. The testimony which they now give, so far as the petitioner denies knowledge of it at the trial, relates wholly to facts and incidents which took place in the petitioner's presence. Nothing appears to excuse her ignorance of it, and she is not entitled to a retrial on the strength of it.

*Petition dismissed with costs.*