DANA PICKNELL v. ROBERT FULTON.

February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 15, 1915.

*Trover—Evidence—Identity—Opinion Evidence—Presumptions —Scope of Rebuttal—New Trial—Newly Discovered Evidence—Affidavit of Counsel—Necessity—Diligence.*

In trover for a heifer, where the question was one of identity, and a veterinary testified for plaintiff that the veterinary tested the heifer in April but did not tag her until December, his further testimony that the tagging so long after the testing was an extraordinary incident was not an attempt to prove that witness tagged the heifer by showing a specific failure to follow his custom, and added nothing to his previous testimony.

In trover for a heifer, where the question was one of identity, testimony of the son of one who raised a heifer that the heifer in question, which he saw in plaintiff's barn, was the same heifer witness's father had raised was not objectionable as calling for a conclusion, as it went merely to the identity and not to the ownership.

If necessary to sustain the admission of that testimony, it will be presumed, in the absence of anything in the record to the contrary, that the witness had previously given evidence descriptive of the heifer, for to reserve the question as to the admissibility of the testimony as to the identity of the heifer in question with the one raised by witness's father, without first describing the marks on the latter heifer, there should have been a statement in the record that the witness gave no evidence descriptive of the animal.

In trover for a heifer, where the question was one of identity, and defendant's evidence tended to show merely that the heifer in question was quiet and gentle at home, plaintiff was entitled to show in rebuttal that the heifer was not gentle and quiet to drive when away from home, but that it was then necessary to hamper her with ropes and straps.

In trover for a heifer, where the *ad damnum* was $75, and the verdict was for plaintiff for $45.50 actual damages and $52.08 exemplary

damages, a judgment for plaintiff for $75, after *remittitur* reducing the verdict to that amount, will not be disturbed on review, where the record shows no exception to the charge, and there is nothing in any of the exceptions taken that directed the attention of the court to the claim that it could not render judgment for an amount that included exemplary damages, and the record has no statement of any evidence bearing on the question of exemplary damages.

Where it appears that the petitioner for a new trial on the ground of newly discovered evidence was represented at the trial by two attorneys, the affidavit of only one attorney in support of the petition is not sufficient.

Affidavits in support of a petition for a new trial on the ground of newly discovered evidence, which state merely that all possible diligence was used, are not sufficient, for they should state the action taken and the circumstances so that the court can see for itself whether the required diligence was exercised.

TROVER for a heifer. Plea, the general issue. Trial by jury at the June Term, 1914, Orange County, *Fish*, J., presiding. Verdict for the plaintiff for $47.50 actual damages, and $52.08 exemplary damages. *Remittitur* filed reducing the verdict to $75, the amount of the *ad damnum*. Judgment for the plaintiff for $75 and costs. The defendant excepted. The opinion states the case.

*John W. Gordon* and *E. W. Smith* for the defendant.

*David S. Conant* for the plaintiff.

MUNSON, C. J. The contest is over a grade Jersey heifer, and the question is one of identity. The plaintiff bought, and the defendant raised, such a heifer. The plaintiff's heifer had been tested and tagged; the defendant's had not. The heifer taken from the plaintiff's possession was tagged. The defendant claimed that the plaintiff or his vendor changed the tag from one animal to the other.

The plaintiff showed by the veterinary who made the test that it was his custom when he made a test to put a tag in the ear of the animal tested, and that in this case he made the test in April but did not put in the tag until December. The plaintiff

then asked under exception, and received an affirmative reply to, the question: * * * Then this "was an extraordinary instance rather than a regular one?" The defendant treats this as an attempt to prove that the witness tagged the heifer by showing a specific failure to follow his custom. We do not so understand the evidence; but, in any event, we see no ground on which the answer objected to can be considered error. It made more prominent the fact that the witness's course in this instance was not in accordance with his custom as testified to, but added nothing to what he had previously stated.

The plaintiff asked the following question of a son of the person who raised the Picknell heifer: "I call your attention to the grade Jersey heifer that you saw in Mr. Fulton's barn, and ask you whether or not it is the same heifer that your father raised?" This was objected to on the ground that it called for the witness's conclusion as to the very question which the jury was to decide. The witness answered that it was the same heifer, and we think the evidence was not objectionable as claimed. It was not an assertion of the witness as to the present ownership of the heifer, but an identification of it as the heifer his father raised. This identification, if relied upon by the jury, might determine the ownership against the defendant's claim through its connection with other evidence; but if this result were reached by the jury it would be a finding from all the evidence, and determine a broader inquiry than that submitted to the witness.

It is argued that the witness should have been called upon to describe the marks on the heifer his father raised, and give such other facts as would serve to identify it. If we assume that this was necessary to make admissible the question objected to, no error will be shown. This single question and answer contains all the knowledge we have regarding the witness's testimony. For anything that appears, the line of inquiry insisted upon may have been followed in connection with the answer taken. If necessary to sustain the court's ruling it will be presumed that there was this evidence, in the absence of anything in the record indicating the contrary. To save this question there should have been a statement in the exceptions that no evidence descriptive of the animal was given by the witness. *Armstrong* v. *Noble,* 55 Vt. 428; *Usher* v. *Severance,* 86 Vt. 523, 86 Atl. 741.

The defendant introduced evidence tending to show that the heifer in question was quiet and gentle at home to lead and

drive, but no evidence as to its conduct in this respect when away from home. The plaintiff was permitted to show in rebuttal that the heifer was not gentle and quiet to drive when away from home, and that it was then necessary to hamper her with ropes and straps. The defendant objected that this had no tendency to rebut the evidence that the heifer was gentle when at home. The defendant's evidence put the gentleness of the heifer in this respect in issue, and the opposing evidence could not be confined to instances where the handling of the animal was by the same persons and in the same surroundings. It cannot be said that the conduct of an animal is a matter of such uniformity and certainty that satisfactory evidence of its conduct on one occasion requires the conclusion that its different conduct on another occasion was due entirely to the change in its surroundings. Moreover, the truthfulness of the defendant's witnesses was involved; and the jury may have been so impressed by the evidence of the plaintiff as to reject that of the defendant as too improbable for belief. The argument presented by defendant's counsel goes to the weight of the evidence rather than to its admissibility.

The *ad damnum* in the writ was placed and remained at $75. The jury returned a verdict for $47.50 actual damages, and $52.08 exemplary damages. The defendant moved that the verdict be set aside because it exceeded the *ad damnum;* which motion was overruled, the defendant excepting. The plaintiff was then permitted, subject to defendant's exception, to file a *remittitur* for $24.58, which reduced the verdict to the amount of the *ad damnum.* The plaintiff then moved for judgment on the verdict, and the defendant objected on the ground that the court could not render a judgment on the verdict so reduced. The court overruled the objection and allowed defendants an exception, and thereupon gave the plaintiff judgment for $75 and costs, to which the defendant excepted. The defendant insists that the last exception is good, and claims that the court could not render judgment for an amount which included exemplary damages. It is said there is nothing in the exceptions that tends to show that the defendant acted maliciously. But the verdict was evidently returned under an instruction which permitted the allowance of exemplary damages, and no exception to the charge is shown. If the question could have been saved by an exception to the judgment, there was nothing in any of the

exceptions taken that directed the attention of the court to this claim. The failure of the exceptions to contain a statement of any evidence bearing upon the question of malice is doubtless due to the fact that no such question was supposed to be in the case as sent up.

*Judgment affirmed.*

There is a petition for a new trial on the ground of newly discovered evidence. It appears that the petitioner was represented at the trial by two attorneys. The affidavit of only one attorney is presented. This is not a compliance with the rule. *Willard* v. *Norcross,* 86 Vt. 426, 443, 85 Atl. 904. The affidavits of the petitioner and his attorney do not show diligence. They merely state that all possible diligence was used. To act upon these affidavits would be to accept the judgment of the petitioner and his counsel as to what due diligence required. The affidavits must state the action taken and the circumstances, so that the court can see for itself whether the required diligence was exercised. *Ploof* v. *Putnam,* 83 Vt. 494, 76 Atl. 145. There is nothing in the case that can make good this shortage. No affidavit is presented which discloses circumstances from which it can be seen that due diligence on the part of the petitioner would have been of no avail as regards such affiant.

*Petition dismissed with costs.*