JAMES WATSON WEBB *v.* STATE OF VERMONT.

January Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed February 4, 1916.

*Criminal Law—New Trial—Failure Seasonably to File Bill of Exceptions—Absence of Fault—Matters Considered on Petition for New Trial.*

On a petition to this Court, under P. S. 2018, for a new trial for failure to get a hearing on a bill of exceptions because it was not seasonably filed, there will be considered only the circumstances that caused petitioner's loss of a hearing on his exceptions, and not the merits of the exceptions, though briefed.

A petition for a new trial under P. S. 2018 will be defeated by want of diligence on the part of petitioner or his counsel affecting the grounds for a new trial.

A new trial in a criminal case is granted, under P. S. 2018, for failure to get a hearing on a bill of exceptions because it was not filed before the adjournment of the term of the court at which the case was tried, where it appeared that petitioner's neglect seasonably to file the bill was probably owing to the trial court's granting a stay of execution and taking bail pending proceedings in this Court, under a mistaken view current among members of the bar on the then unsettled state of the law as declared by P. S. 1978, 1981, 2322, providing for the review of questions of law by this Court.

PETITION for a new trial, brought to the Supreme Court for Chittenden County at its January Term, 1916, and then heard on the admission of the facts alleged. The opinion states the case. See *State* v. *Webb*, 89 Vt. 326.

*E. M. Horton* and *Warren R. Austin* for the petitioner.

*Theodore E. Hopkins*, State's Attorney, for the State.

TAYLOR, J. This is a petition for a new trial. The petitioner was convicted at the September Term, 1914, of Chitten-

den County court for permitting certain dogs of which he was the owner to run at large unattended in violation of law. After verdict the petitioner moved to set it aside as against the evidence, for that there was no evidence of permission; and further as being unreasonable and unjust on the whole evidence. The motion was overruled under exception, followed by judgment and sentence. The court noted petitioner's exceptions on the docket, ordered stay of execution and admitted him to bail pending proceedings in this Court. After final adjournment of court, and within thirty days thereafter, petitioner procured to be signed by the presiding judge and filed with the clerk a bill of exceptions allowed by consent of the state's attorney and, as recited in the bill, "subject to the right to allow at this time." The cause was heard at the May Term, 1915, of this Court on petitioner's bill of exceptions, and at the October Term, 1915, the exceptions were dismissed as not having been filed within the time allowed by law. See *State* v. *Webb,* 89 Vt. 326, 95 Atl. 892.

It is alleged in the petition that counsel for petitioner understood that what had been done was all that was required by law to save for review the questions presented by the exceptions; and petitioner asserts that he lost the benefit thereof without fault on his part. No question is raised as to the sufficiency of the allegations of the petition nor of the proof of the facts alleged, the state's attorney expressly waiving all informalities and agreeing that the question be considered on its merits.

The bill of exceptions filed in the original case is annexed to and made part of the petition and both parties have briefed the questions thereby sought to be brought here for review. But the merits of the exceptions are not for consideration on a petition for a new trial based on failure to get a hearing in this Court on the exceptions. *Hotel Vermont Co.* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496; *Nelson* v. *Marshall,* 77 Vt. 44, 58 Atl. 793. Petitioner's right to a new trial depends upon a consideration of the circumstances through which he lost the benefit of a hearing on his exceptions.

Petitioner urges that the granting of a new trial is wholly a matter of discretion. While, as said in *Massucco* v. *Tomassi,* 78 Vt. 188, 196, 62 Atl. 57, the statute under which this petition is brought (P. S. 2018) has fixed no limitation to the power of the Court to grant new trials nor prescribe the grounds therefor,

it is not a discretion to be exercised arbitrarily. Such a petition is addressed to the legal or judicial discretion of the Court. *Lincoln* v. *Central Vermont Ry. Co.*, 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998. The Court has frequently construed the statute, giving it a broad scope and liberal construction in view of its remedial nature, but has fixed certain well defined boundaries of its powers. See *Nelson* v. *Marshall*, 77 Vt. 44, 46, 58 Atl. 793. Among these it has steadily adhered to the rule that want of diligence on the part of the party petitioner or his counsel affecting the grounds for a new trial will defeat the petition. The latest case involving this question is *Hotel Vermont Co.* v. *E. F. Moore's Est.*, 90 Vt. 33, 96 Atl. 382, decided at the January Term, 1916.

It remains to consider whether petitioner's neglect to procure and file a signed bill of exceptions before final adjournment of court was, in the circumstances, excusable. It was clearly due to counsel's mistake of the law, which ordinarily will not excuse. See *Morgan* v. *Houston*, 25 Vt. 570.

There are exceptions to this rule, however, dependent upon the circumstances of the particular case. A new trial has been granted as for surprise where evidence offered was admissible upon authority of a reported decision of this Court, but was excluded by the trial court in overruling the decision, (*Starkweather* v. *Loomis*, 2 Vt. 573) ; where a respondent was advised by counsel that certain testimony against him would not be admitted, in consequence of which he omitted to procure rebutting evidence, where the question of its admissibility was so doubtful that it was not deemed strange that counsel gave the advice, (*State* v. *Williams*, 27 Vt. 724). For other exceptional cases see *Dow* v. *Hinesburgh*, 1 Aik. 35; *Stanton* v. *Bannister*, 2 Vt. 464.

The statutes lack clearness in the matter of exceptions in criminal cases. P. S. 1978 provides that issues and questions of law arising upon the trial of an issue of fact by the court or jury and placed upon the record by agreement of the parties or allowance of court * * * may pass to the Supreme Court for final determination. P. S. 2322 provides that questions of law decided by the county court * * * in a prosecution * * * for a crime or misdemeanor shall, after verdict of guilty is returned, upon motion of the respondent, be allowed and placed upon the record; and the same shall thereupon pass to the Supreme Court

for final decision.   Neither section provides how such questions shall be "placed upon record"; but P. S. 1981 prescribes how it shall be done in civil causes.   We are aware that before the decision of *State* v. *Webb, supra,* there were divergent views , among the members of the profession as to the necessity for filing a bill of exceptions in a criminal cause before the adjournment of court.   It was thought by some, in the absence of a statute applying in terms to criminal causes, that a compliance with the requirements of P. S. 1981 was sufficient; that counsel were only required to see that exceptions were noted on the docket in term time, and that when·so noted they were "allowed and placed upon the record" within the meaning of the statutes.

Petitioner's attorneys evidently relied upon this mistaken view of the law.   They had their exceptions noted and thereupon procured from the court an order staying execution and fixing bail, which was furnished, pending proceedings in this Court.   This order was premature.   It should not have been made until the exceptions were allowed, or in other words signed, and filed as part of the record in the case.   The action of the trial court in this regard was calculated to mislead and very likely contributed to the mistake which petitioner's attorneys made.

We think that the action of the court in granting stay of execution and taking bail pending proceedings in this Court, in view of the then unsettled state of the law, makes the case exceptional; that the mistake of petitioner's counsel should, in the circumstances, be regarded as excusable; and that a new trial should be granted.

*Judgment and sentence vacated, verdict set aside, petition granted and cause remanded for a new trial.*