FRED A. BETTERLY *v.* CLYDE S. PINGREE.

November Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 4, 1923.

*New Trial—Burden on Petitioner—Due Diligence in Having Exceptions Noted.*

1.  On a petition for a new trial on the ground that the defendant, without his fault, has lost the benefit of exceptions taken by him during the trial to rulings admitting or excluding evidence, the burden is on him to show affirmatively both that he saved the exceptions and that the failure to note them was due to no fault on his part.

2.  On such motion, where no reporter was present at the trial, and the minutes made by the presiding judge in the nature of a summary of the proceedings did not show the exceptions claimed by the defendant, and the trial judge stated that he had no recollection of such exceptions, and the affidavits of defendant's two attorneys, claiming that the exceptions were saved, were contradicted by the affidavits of plaintiff and his

counsel, *held* that the defendant had not sustained the fore-
going burden of proof.

3.  At a trial where no reporter is present and no minutes are being
taken by any one except the presiding judge, due diligence re-
quires that a party, having knowledge of such facts and de-
siring to rely upon the minutes made by the presiding judge
to show all exceptions saved during the course of the trial,
should at least so inform the court.

PETITION for a new trial, brought to the Supreme Court for
Windham County at its May Term, 1922.   Heard on petition
and affidavits in support and defense.   *Petition dismissed, and
judgment affirmed.*

*Neil D. Clawson* and *Ernest W. Gibson* for the defendant.

*Barber, Barber & Miller* for the plaintiff.

WATSON, C. J.   On the face of the writ in this case one
David Brault was made a codefendant, but not having been
served with process, the action was discontinued as to him, and
the cause heard by the court against Clyde S. Pingree as sole
defendant.   The declaration is in one count, declaring upon a
certain promissory note.   Defendant filed no plea, nor affidavit
of defense.   At the trial the plaintiff testified in his own behalf,
and was cross-examined at length by counsel for defendant.   No
other evidence, except the note in suit, was introduced by either
party.   Defendant excepted to the holding that the action was a
collection suit, also to the judgment.   A skeleton bill of excep-
tions was filed, but that bill has never been perfected, even as to
these two exceptions, nor is any question based thereon, briefed
by defendant.   Therefore all such questions stand as waived, and
the matters before us are such only as are presented on the peti-
tion for a new trial.

The petition is based on the alleged loss by defendant, with-
out his fault, of exceptions taken by him to rulings admitting or
excluding evidence during the trial.   It appears that no steno-
graphic reporter was present to take down the evidence intro-
duced, or any part of the proceedings; and that the only minutes
thereof kept by any one were those made by the presiding judge,

and these were not in full of what took place, a summary only. No request or suggestion was made by either side that a court stenographer be present to report the trial, nor that any one take minutes of the proceedings, nor that the presiding judge note down rulings made, or exceptions taken.

The case was called in the latter part of the afternoon of a certain day, and the plaintiff was on the stand testifying when an adjournment was taken until the next morning, when the hearing proceeded and was closed. On the first day defendant was represented by one attorney, and on the second day by two. The evidence before us in support of the petition consists of the depositions of these two attorneys. The one who was present during the whole trial and cross-examined the plaintiff, deposes that it is his recollection that he took exceptions to rulings of the court on questions of the admissibility of evidence. The other states positively that such exceptions were taken. They both say they noticed the presiding judge taking minutes, and relied upon him to make a memorandum of defendant's exceptions so taken, but that nothing was said concerning it. Neither could state more definitely about the exceptions claimed to have been taken. There is no other evidence supporting the petition.

On the other hand, the attorney who tried the case for the plaintiff states positively in his deposition that no exceptions were taken by defendant during the trial, to any rulings on questions as to the admissibility of evidence; that in such respect all the rulings made were in favor of defendant. The plaintiff deposes that once he was directed by the court to answer the question asked by defendant's attorney, and objected to by his own attorney; and that he answered all questions asked him by either, and no exceptions were taken by defendant's attorney to any ruling made by the court while he was testifying. The presiding judge deposes that his minutes do not show any objection or exception by defendant to the admission or exclusion of testimony; that he has no recollection that any such exception was in fact taken by defendant; that he remembers that defendant excepted to the judgment, and he thinks also to the holding that it was a collection suit, in fact that his private docket shows that such exceptions were taken, but it does not show any exception to rulings on questions of evidence; that he usually notes exceptions as the trial of a case goes along, and especially intends to

when there is no reporter present; that he does not recall that defendant or either of his attorneys requested him to note any exceptions during the progress of the trial, and he is sure that he should, if they had requested it.

[1-3]   What the effect might be were we convinced that exceptions were in fact saved by defendant as claimed by him, and that the failure to note them was due to no fault on his part, we do not consider; for we are not satisfied on either question. The burden is with the defendant to show both affirmatively. It is enough to say that he has not met this burden in either respect.   The weight of the evidence is against him; and, knowing that no minutes were being made by any one except the presiding judge, due diligence required at least that he make it known to the court that he was relying upon the minutes made by the presiding judge to show all exceptions saved during the course of the trial.

*Petition dismissed with costs, and judgment affirmed.*

NOTE:—MILES, J., having ceased being a member of the Court took no part in the decision of this case.