FRANK M. WALSH *v.* GEORGE E. COLE.

February Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed March 11, 1924.

*New Trial—G. L. 2296—Right of Counsel to Rely on Court Rule Requiring Notice of Entry of Judgment.*

1.  G. L. 2296, providing that the Supreme Court may grant a new trial in a cause determined therein or by a county court, upon petition of either party, subsequent to the term at which the original judgment was rendered, is remedial in nature, and should receive a liberal construction.

2.  When the failure of a party to file a bill of exceptions within the statutory time was due solely to the reliance of his counsel upon county court rule 5, requiring the clerk to notify him of entry of judgment in the cause, which the clerk failed to do, neither the petitioner nor his counsel are chargeable with lack of diligence therein so as to defeat an application for a new trial under G. L. 2296, the court rule being mandatory, and counsel having a right to rely thereon.

PETITION to the Supreme Court for a new trial, heard at the February Term, 1924, on petition and affidavits in support thereof.   The opinion states the case.   *Reversed, judgment set aside, and new trial granted.*

*Warren R. Austin* for the petitioner.

*W. W. Reirden* and *David E. Porter* for the petitionee.

BUTLER, J. This is a petition for a new trial brought by defendant in *Cole* v. *Walsh,* 97 Vt. 256, 122 Atl. 664, who lost the benefit of his exceptions as therein stated. From the evidence before us we find that the petitioner's failure to file his bill of exceptions in that case within the time limited by statute was due solely to the reliance of counsel, to whom was committed the entire care, management, and responsibility of the defendant's case, upon rule 5 of the county court rules, which required the clerk to notify him of the entry of the judgment therein. This the clerk failed to do. Had he done so, we are satisfied that the bill of exceptions would have been prepared, signed, and filed in due season, and that the failure to do so was without the fault of defendant or his counsel.

[1, 2] The statute under which the petition is brought (G. L. 2296) is remedial in nature, and should and does receive a liberal construction. *Nelson* v. *Marshall,* 77 Vt. 44, 58 Atl. 793; *Webb* v. *State,* 90 Vt. 65, 96 Atl. 599. Lack of diligence of the petitioner or his counsel, will, to be sure, defeat the application (*Webb* v. *State, supra*), but this charge cannot be made against one who rightly relies upon the rules of the court. The provisions of the rule are mandatory, and defendant's counsel had a right to rely upon them. *Hotel Vermont* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496. It is said in *In Re Ketchum,* 92 Vt. 280, 102 Atl. 1032, "that every petition for a new trial, brought conformably to law, must fail or prevail according to the strength of the appeal it makes to the judgment and conscience of the court." This case does not essentially differ from *Nelson* v. *Marshall, supra,* where the loss of the exceptions was due solely to accident or the mistake of the presiding judge; or from *Hotel Vermont* v. *Cosgriff, supra,* where the loss of the exceptions was, as here, due solely to the fault of the clerk of the court; or from *Reynolds* v. *Romano,* 96 Vt. 222, 118 Atl. 810, where the loss of the exceptions was due solely to the fault of the court reporter.

The constitutional question raised need not be considered.

*Judgment reversed, verdict set aside, and new trial granted.*