STATE *v.* CLARENCE HATHORN.

May Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*Criminal Law—New Trial—Loss of Right To Have Exceptions Heard as Cause for New Trial—Burden of Proof on Petition for New Trial—Insufficiency of Petitioner's Evidence To Meet Burden of Proof Resting upon Him—Showing Necessary To Secure New Trial on Ground of Newly Discovered Evidence—Insufficiency of Petition and Evidence To Show Due Diligence.*

1. Amendment to petition for new trial of respondent, prosecuted under G. L. 6822, signed in name of petitioner by his counsel, not verified by oath, and no affidavit of counsel being filed in support of it, is not in accordance with rule (Supreme Court rule 4) in such proceedings.

2. Right of a party to have his exceptions heard in Supreme Court is a substantial right, loss of which entitles him to a new trial, if it has occurred without his fault.

3. Petitioner for new trial, on ground that petitioner has been deprived of benefit of exception taken on trial in his behalf,

which was not noted by stenographic reporter, and did not appear in transcript, has burden of proving that exception was saved and that failure to note it was not due to his fault.

4. On petition for new trial on ground that petitioner had been deprived of benefit of exception taken on trial and not noted by stenographic reporter, where counsel who claimed to have taken exception was not produced as a witness, *held* that petitioner had not sustained burden of proof resting upon him, since failure to produce such witness raised an inference unfavorable to petitioner, nor overcome by testimony of associate counsel that to his best recollection such exception had been taken.

5. On petition for new trial, upon ground of newly discovered evidence, a necessary element for success is showing that there has been no lack of diligence in failing to discover and produce evidence which is claimed to have been newly discovered, and petition itself must show that such diligence has been used.

6. Mere statement in petition for new trial on ground of newly discovered evidence, that all due diligence was used, is not sufficient, but affidavits must state action taken and circumstances, so that Court can see for itself whether required diligence was exercised.

7. Petition for new trial on ground of newly discovered evidence, and testimony taken thereunder, *held* insufficient to show that requisite degree of diligence had been exercised by petitioner to discover and produce such evidence at trial.

PETITION for new trial brought to the Supreme Court for Windsor County, at its October Term, 1926. Heard on petition, amended petition, and depositions for petitioner and for the State. The opinion states the case. *Petition dismissed.*

*William W. Lapoint* and *Frank C. Barber* for the petitioner.

*Robert W. Twitchell,* State's attorney, for the State.

MOULTON, J. Clarence Hathorn, having been convicted of the crime of rape, under the provisions of G. L. 6822, has brought a petition for a new trial upon two grounds: (1) That, through an error of the stenographic reporter, an exception

taken by him during the trial, has been omitted from the transcript. (2) That he is in possession of newly discovered evidence.

[1] The petition as originally brought was upon the sole ground of newly discovered evidence, but subsequently was amended to include the ground that the petitioner has been deprived of the benefit of an exception taken on trial in his behalf, which was not noted by the stenographic reporter, and does not appear in the transcript. The amendment, as filed, is signed in the name of the petitioner by his counsel, but is not verified by oath, and no affidavits of counsel have been filed in support of it. This is not in accordance with the rule in such proceedings. *Reynolds* v. *Hassam,* 80 Vt. 501, 504, 68 Atl. 645; *Taft* v. *Taft,* 82 Vt. 64, 71 Atl. 831. In a deposition taken, one of the two counsel, who represented the petitioner on trial, testified as follows: ''My best recollection has always been that Mr. Bicknell (the deponent's associate at the trial) asked for and was allowed an exception.'' Mr. Bicknell did not testify and the above is all that appears on this point.

[2, 3] It is true, as petitioner claims, that the right of a party to have his exceptions heard in this Court is a substantial right, the loss of which entitles him to a new trial, if it has occurred without his fault. It was so held in *Reynolds* v. *Romano,* 96 Vt. 222, 224, 118 Atl. 810, and new trials have been ordered for this reason. *Falzarano* v. *Demasso,* 98 Vt. 209, 214, 126 Atl. 394; *Betterly* v. *Pingree,* 96 Vt. 500, 501, 120 Atl. 860; *Webb* v. *State,* 90 Vt. 65, 96 Atl. 599; *Hotel Vermont Co.* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496; *Nelson* v. *Marshall,* 77 Vt. 44, 58 Atl. 793; *Walsh* v. *Cole,* 97 Vt. 459, 123 Atl. 850. But the burden of proving that the exceptions were saved and that the failure to note them was not due to his fault is on the petitioner. *Betterly* v. *Pingree,* 96 Vt. 500, 503, 120 Atl. 860.

[4] In this respect the petitioner fails. Without considering the insufficiency of the amendment and the lack of supporting affidavits, we think that the burden has not been sustained. The counsel who is claimed to have taken the exception has not testified. The matter was within his knowledge, and the failure to produce him as a witness raises an inference unfavorable to the petitioner. *State* v. *Marsh,* 73 Vt. 175, 176, 50 Atl. 861. The testimony of the other counsel as to what has always been his best recollection as to the occurrence, conscientious as

28

we believe it to be, fails to satisfy us that the exception was in fact saved.   This ground for the petition is not established.

[5]   So far as the petition proceeds upon the ground of newly discovered evidence, it is fatally defective.   A necessary element for success in a proceeding of this sort is a showing that there has been no lack of diligence in failing to discover and produce the evidence which is claimed to have been newly discovered.   *Walsh* v. *Cole*, 97 Vt. 459, 460, 123 Atl. 850; *Webb* v. *State*, 90 Vt. 65, 67, 96 Atl. 599; *Hemenway* v. *Lincoln*, 82 Vt. 465, 73 Atl. 1073; *Jones* v. *Sennott*, 57 Vt. 355, 357, 358; *Earl* v. *Griffith*, 52 Vt. 415, 421; *Quinn* v. *Halbert*, 52 Vt. 353, 362, 363; *Morgan* v. *Houston*, 25 Vt. 570, 572; *Brainard* v. *Morse*, 47 Vt. 320, 321; *Taylor* v. *St. Clair*, 79 Vt. 536, 540, 65 Atl. 655; *Reynolds* v. *Hassam*, 80 Vt. 501, 68 Atl. 645; *Stearns* v. *Allen*, 18 Vt. 119.   More than this, the petition itself must show that due diligence has been used.   *Stevens alias May* v. *State*, 77 Vt. 330, 333, 60 Atl. 1; *Comoli* v. *State*, 78 Vt. 423, 424, 63 Atl. 186; *Ploof* v. *Putnam*, 83 Vt. 494, 76 Atl. 145; *Hemenway* v. *Lincoln*, 82 Vt. 465, 466, 467, 73 Atl. 1073; *Picknell* v. *Fulton*, 89 Vt. 51, 55, 94 Atl. 104.

[6, 7]   The present petition states that the petitioner and his counsel used all due and reasonable diligence to procure all material evidence available for his defense; that they were without fault or laches and could do nothing more than was done to protect the rights of the petitioner during the trial.   The supporting affidavit of one of petitioner's counsel states that he was called into the case on the eve of the trial and had no chance to study and find evidence that might be favorable to his client; that he did not know that any of the witnesses whose testimony is now relied upon were acquainted with any phase of the case or could furnish evidence in his client's favor and that if he had had knowledge of the existence of these witnesses, he would have obtained their attendance.   The other counsel contents himself by saying that one of the witnesses called by the State was a surprise to him and that the defense had very little time or opportunity to refute her testimony; that on the last day of the trial he learned that one witness was sick and was not able to attend the trial that day; and that he did not procure the attendance of another witness because he relied upon other evidence to establish the facts to which this witness could have testified.

The mere statement in the petition that all due diligence was used is not sufficient, and to act upon such statement would be to accept the judgment of the petitioner and his counsel as to what due diligence required. The affidavits must state the action taken and the circumstances so that the Court can see for itself whether the required diligence was exercised. *Picknell* v. *Fulton*, 89 Vt. 51, 55, 94 Atl. 104, and see other cases cited.

Nor is this shortage aided by anything that appears in the depositions taken on behalf of the petitioner. Five witnesses whose testimony is claimed to be newly discovered are named in the petition. Of these, Lucia Chadwick was present in court during a part of the trial, and counsel for petitioner talked with her, but did not call her to the stand. Loren Perkins, a witness known to petitioner, was not summoned because, as has been said, counsel relied upon other evidence to prove the fact claimed. Arthur Chadwick was reported to counsel to be ill and unable to attend, but so far as appears no effort was made to investigate the report, and, although the matter was orally called to the attention of the court by a request for an adjournment, no affidavit was presented as required by the rule. As to witnesses George Walker and Edward Batchelder, nothing appears except the substance of their expected testimony.

As to the alleged ''surprise testimony'' introduced by the State, no effort appears to have been made to investigate its truth, and discover evidence to rebut it, although it was given just before adjournment of a day's session of court, and a night intervened before the respondent was called upon to proceed with his defense.

We are constrained to hold that the requisite degree of diligence has not been made to appear and for this reason, if for no other, this petition should be.

*Dismissed with costs.*