HOTEL VERMONT COMPANY *v.* E. F. MOORE'S ESTATE.

October Term, 1915.

- Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 13, 1916.

*Pleading—Demurrer—Waiver—Petition for New Trial—Failure Seasonably to File Bill of Exceptions—Diligence of Counsel.*

On a petition for a new trial, the petitionee, by signing an agreed statement of facts to be filed in the case, waived his demurrer to the petition, and left the case for consideration on the merits.

On a petition for a new trial because of failure seasonably to file a bill of exceptions, where it appeared that petitioner's attorney prepared and forwarded to the presiding judge a bill of exceptions, which the latter forthwith signed and mailed to the attorney, who was then out of town on business and did not return until two days thereafter, and one day after the time for filing had expired, and had left no instructions as to filing the bill if received during his absence, relying on the expectation that the judge would forward the bill to the clerk for filing, there was such a want of diligence in attending to the filing of the bill as defeated the petition, for P. S. 6208 requires the original filing to be accompanied by the required fee, without which the clerk is not authorized to enter the cause in the Supreme Court, and so the attorney had no right to rely on the expectation that the judge would forward the bill to the clerk for filing.

PETITION for a new trial, brought to the Supreme Court for Chittenden County at its October Term, 1915, and then heard on the pleadings and an agreed statement of facts.

*Max L. Powell* for the petitioner.

*Sherman R. Moulton* for the petitionee.

TAYLOR, J.    This is a petition for a new trial based on the failure of the petitioner, plaintiff in the original action, to get a

hearing in this Court on its exceptions reserved at the trial below. The petitionee has incorporated into her answer a demurrer to the petition upon which she seeks to rely. Passing without deciding the question whether a demurrer to a petition for a new trial can be joined with an answer to the merits, the petitionee, by signing a statement of facts to be filed in the case, manifestly waived her demurrer and the case is for consideration on the merits.

The original cause was tried at the March term, 1915 of Chittenden County Court with judgment for the defendant. Petitioner took various exceptions and in due time after the final adjournment of court prepared and forwarded to the presiding judge a skeleton bill of exceptions with a request that they be signed subject to amendment. Without unnecessary delay the judge signed and mailed the exceptions to petitioner's attorney. In due course of mail, either on the afternoon of June 16 or the following morning, they reached his office. The attorney was away from his office and out of town on business from noon of the 16th until the morning of the 18th. On his return he found the exceptions in mail on his desk. The time for filing the exceptions had expired on the 17th of June. A clerk and stenographers attended to the office business in the attorney's absence. The attorney was aware that June 17th was the last day for filing the exceptions but left no instructions with the office force with reference to filing the same, if received during his absence, relying upon the expectation that the judge would forward the exceptions when signed to the clerk of the court for filing. The required entry fee was not paid; but it is agreed that if the county clerk had received the exceptions, he would have notified the attorney's office and the fee would have been paid.

No blame can be attached to the presiding judge for petitioner's failure to save its exceptions. County court rule 28, sec. 4, upon which counsel relies, does not apply to the original bill of exceptions; but relates to the filing of an amended bill. The original filing must be accompanied by the required fee, without which the clerk has no authority to enter a cause. P. S. 6208. Petitioner's attorney was not justified in relying upon the expectation that the judge would depart from the usual practice of returning original exceptions when signed to the at-

torney who has submitted them, especially in the absence of a request that they be forwarded to the clerk of the court.

The responsibility for the failure in this case cannot be imputed to others, as in the case of *Hotel Vermont Co.* v. *Cosgriff*, 89 Vt. 173, 94 Atl. 496.   It must be assumed by the petitioner alone.   We cannot escape the conclusion that there was such a want of diligence on the part of petitioner's counsel in attending to the filing of these exceptions as defeats the petition.

*Petition dismissed.*