SEABOARD NATIONAL BANK *v.* PAULINE E. FISHER ET AL.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 24, 1924.

*Transfer of Action at Law to the Supreme Court—Seasonable Filing of Properly Signed Bill of Exceptions Automatically Transfers Cause—Application of G. L. 7405.*

1. Under G. L. 2258, in an action at law seasonable filing of a bill of exceptions, signed by the presiding judge, automatically passes the cause to the Supreme Court of the county within which the cause is pending.

2. Such transfer is not dependent upon the action of the clerk in making or withholding docket entries, nor upon the prepayment of entry fee, but the filing of the exceptions works the transfer, the provision of G. L. 7405 relating to prepayment of such fee being for the benefit of the clerk who is accountable therefor to the State, and to aid in its collection, but not forbidding entry in advance of payment.

ACTION OF CONTRACT on a note. Plea, the general issue. Trial by court at the June Term, 1923, Windsor County, *Fish,* J., presiding. Judgment for the plaintiff. Exceptions by defendants. Plaintiff moved in Supreme Court to dismiss the exceptions on the ground that they were not seasonably filed, and that cause was not properly in such Court, because entry fee was not seasonably paid. *Motion denied.*

*Lawrence, Stafford & Bloomer* for the plaintiff.

*Shields & Conant* for the defendants.

PER CURIAM. The cause was tried by court at the June Term, 1923. Judgment was entered for the plaintiff August 27, 1923, and exceptions by the defendants were noted on the docket. A bill of exceptions signed by the presiding judge was forwarded to the clerk of Windsor County on September 23,

1923, for filing. It was received and filed by the clerk on the same day, and a minute of the filing was made on the docket of the county court. The entry fee in the Supreme Court was not sent with the exceptions and was not paid until after the time for filing exceptions in the cause had expired. The clerk did not transfer the cause to his docket as clerk of the Supreme Court for Windsor County, and has treated it as not in this Court. Pursuant to our order, the clerk has transmitted the files and docket entries in the case to the clerk of the general term. It appears from a statement accompanying such transmission that it is the clerk's practice to minute the filing of a bill of exceptions on the docket of the county court, and, when not accompanied with the filing fee, to treat the cause as remaining in the county court until the entry fee is paid. In the circumstances the clerk was of the opinion that the cause remained in the county court, and accordingly had not certified the cause to the clerk of the general term. He holds the entry fee and the fee tendered by the plaintiff for an execution pending the determination of the question.

[1, 2] The cause is before us on plaintiff's motion to dismiss the exceptions on the grounds, in substance, that they were not seasonably filed, and that the cause is not properly in this Court, the filing fee not having been seasonably paid. The plaintiff relies upon G. L. 7405, which provides among the fees required to be paid to the clerk of the court for the benefit of the State, a fee of three dollars for each action entered in the Supreme Court to be paid before the entry of the cause. It is argued that the filing of the exceptions without the prepayment of the entry fee was ineffectual to transfer the cause to this Court. Unless otherwise ordered, the filing of the bill of exceptions signed by the presiding judge in an action at law, if seasonably done, like the filing of a motion for an appeal in an action in chancery, automatically passes the cause to the Supreme Court of the county within which the cause is pending. The transfer is not dependant upon the action of the clerk in making or withholding the docket entries. It is the filing of the exceptions and not the making of docket entries that works the transfer. G. L. 2258. *LaFountaine* v. *Wilder,* 86 Vt. 301, 85 Atl. 5.

*Hotel Vermont Co.* v. *Moore's Estate,* 90 Vt. 33, 96 Atl. 382, is relied upon as authority to the contrary, but the decision does not support the plaintiff's position. That was a petition

for a new trial based on the failure of the petitioner to get a hearing in this Court on its exceptions reserved at the trial, due to the fact that they were not presented to the clerk for filing within the time fixed by the statute. It was held that the responsibility for the failure was upon the petitioner alone, and that there was such want of diligence in attending to the matter as defeated the petition. Incidental reference was made to the fact that the required entry fee was not paid, with the comment that the required fee must accompany the exceptions, "without which the clerk has no authority to enter the case." It would have been more accurate to have said that the clerk was under no obligation to file the exceptions without payment of the entry fee. The requirement for the prepayment of such fee is designed to facilitate its collection, and essentially is for the benefit of the clerk who is accountable to the State therefor; but the statute does not forbid the entry of the cause in advance of the payment of the fee. It must be held that when the clerk filed these exceptions his control of the matter ceased. As was said in the LaFountaine Case, it is unnecessary to consider what the situation would be if the entry fee had never been paid.

*Motion denied.*