SEABOARD NATIONAL BANK *v.* PAULINE E. FISHER ET AL.

October Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6, 1925.

*Husband and Wife—Wife as Surety for Husband—Parol Evidence to Show Wife Signed Contract as Surety for Husband—Rule Not Affected Though Holder Bona Fide Purchaser.*

1.  In action on promissory note, where husband and wife were the only makers of note, joint in form, wife can show by parol evidence that her relation thereto was solely that of surety for her husband.

2.  In such action, the fact that plaintiff took note in good faith and for value before maturity, in due course of business, and without notice of any infirmity, does not affect defense of married woman that she signed note solely as surety for her husband.

ACTION OF CONTRACT on joint promissory note signed by persons who were husband and wife. Plea, general issue, sole defense being that wife signed as surety for her husband and not otherwise. Trial by court at June Term, 1923, Windsor County, *Fish*, J., presiding. Judgment for plaintiff. The defendants excepted. The opinion states the case. *Reversed in part, and affirmed in part.*

*Shields & Conant* for the defendants.

*Lawrence, Stafford & Bloomer* for the plaintiff.

BUTLER, J. This action is brought to recover on a joint promissory note dated at Bethel, Vermont, February 1, 1922, which reads: "Twelve months after date we promise to pay to the order of E. C. Fisher, Five Thousand Dollars at the National White River Bank, Bethel, Vermont, value received with interest from date," signed by both defendants who are, and were at the time, husband and wife. Plea, the general issue. Trial by the court, and judgment for plaintiff against both defendants. The sole defense was that Pauline signed the note as surety for her husband's debt and in no other capacity, and so is not liable thereon.

[1, 2] Two questions are briefed and discussed: (a) Whether the defendant Pauline E. Fisher, who signed the note with her husband as a joint maker, could, in view of the form of the note, be permitted to show by parol evidence that she signed it solely as surety for her husband's debt; and (b) whether she could make that defense as against the plaintiff who is found, in effect, to have taken the note in good faith and for value before maturity, in due course of business, and had no notice of any infirmity.

The court in effect has found as a fact that the note was signed by Pauline E. Fisher as surety for her husband's debt and in no other capacity.

The first question was involved in the case of *National Bank of Newbury* v. *Carrie M. Hale*, 98 Vt. 481, 129 Atl. 155, in which an opinion has been handed down in favor of the defendant. The second was involved in the case of *Wetmore & Morse Granite Co.* v. *Ryle et al.*, 93 Vt. 245, 107 Atl. 109. These cases are

controlling as to the disposition of this case and any further discussion of the law can serve no good purpose at this time.

The plaintiff's motion to dismiss the exceptions was fully treated in this case when it was first before this Court. *Seaboard National Bank* v. *Fisher,* 98 Vt. 20, 124 Atl. 588.

*Judgment reversed as to Pauline E. Fisher, and judgment for her to recover costs. As to defendant E. A. Fisher, judgment affirmed.*